STATE OF MISSOURI at the Relation of THOMAS MCCLURE, JR., Relator, v. WALTER M. DINWIDDIE, Judge of the Circuit Court of Boone County, Missouri.—No. 40846.—213 S. W. (2d) 127.

Court en Banc, August 6, 1948.

*Boyle G. Clark,* and *William H. Becker* for relator; *Clark, Boggs, Peterson & Becker* of counsel.

*Alexander, Ausmus & Harris* for respondent.

[128] CONKLING, J.—Mandamus. Upon petition therefor we issued our alternative writ directing Honorable Walter M. Dinwiddie, as Judge of the Circuit Court of Boone County, to permit Thomas McClure, Jr., the defendant in an automobile damage action pending in said circuit court, to file in said cause his third-party petition, or to show cause why such petition should not be permitted to be filed.

We thus have before us an important and heretofore unsettled question of practice under Sec. 847.20 of our new Code (Laws Mo. 1943, pp. 362, 363, Sec. 20). This innovation was introduced by the New Code as of January 1, 1945. The instant question has been quite troublesome to the Courts and to counsel. The lack of uniformity of interpretation and application of this statute in the trial courts has resulted in much confusion in procedure. In various forms this question has arisen in many circuit courts.

On April 9, 1947, Andrew Lanham, a minor, was riding in an automobile then being driven by Jack Lanham. The Lanham automobile collided with one being driven by Thomas McClure, Jr. (original defendant below and relator here) moving at a right angle upon an intersecting street. Andrew Lanham was injured and filed an action for damages against McClure. Andrew Lanham's petition alleged specific negligence in certain particulars. McClure answered denying

he was negligent and pleaded contributory negligence. Depositions in the cause were taken and filed, including that of Jack Lanham.

McClure filed in the circuit court his motion for leave to file his third-party petition and therein to make Jack Lanham a third-party defendant, and prayed that summons be served upon Jack Lanham. Attached to that motion, as part thereof, was the third-party petition McClure was asking leave to file. That petition alleged that Jack Lanham was negligent in the specific particulars therein set out; that Andrew Lanham's injuries "were the direct and proximate result of the . . . negligence of the third party defendant" (Jack Lanham); that "Jack Lanham is liable to plaintiff for all damages plaintiff (Andrew Lanham) claims against Thomas McClure, Jr." That petition prayed the discharge of McClure; that "whatever damages the plaintiff herein is entitled to recover, if any, be had and received from the third-party defendant, Jack Lanham"; or, in the alternative, that if both McClure and Jack Lanham be found liable as joint tort feasors, that McClure "have and recover from . . . Jack Lanham contribution for all sums paid to plaintiff on account of any judgment rendered in favor of plaintiff". In said third-party petition relator asserted no cause of action on his part against the proposed third-party defendant. But it is clear from relator's brief that he seeks contribution and not a substitution of Jack Lanham as the sole responsible defendant.

Upon the hearing of the motion plaintiff's counsel appeared and objected to the motion being sustained. The respondent judge by order of record overruled defendant's motion for leave to file the proposed third-party [129] petition, but in his return filed here pleaded: ". . . for the purpose of showing cause, respondent states that the plaintiff in said cause appeared and objected to the granting of said motion and under these circumstances respondent was in doubt as to relator's right to bring in said third-party defendant (Jack Lanham) in any case".

Little has been written touching this general subject in this state. The curious may read. See, Browne v. Creek, 357 Mo. 576, 209 S. W. (2d) 900; Camden v. St. Louis Public Service Co., 206 S. W. (2d) 699; Vol. XIII, No. 2 Missouri Law Review, 223, et seq., (April, 1948), and 1 Carr Missouri Civil Procedure, Sec. 69. We have been cited to no case of this jurisdiction which, upon similar facts, has directly considered the precise question here presented. Nor has our research revealed such a case. But many cases upon the subject from other jurisdictions and the Federal Courts have been collected and annotated in 78 A. L. R. 580, et seq., 132 A. L. R. 1424, et seq., and 148 A. L. R. 1182.

It has been written that the general purpose of a rule or statute of the purport here considered is "to avoid two actions which should be tried together to save the time and cost of a reduplication

of evidence, to obtain consistent results from identical or similar evidence". It has further been said that its purpose .is, "to accomplish ultimate justice for all concerned with economy of litigation and without prejudice to the rights of another".

This section of our statute was adopted substantially *in toto* from original Rule 14 of the Federal Rules of Civil Procedure, as the rule existed before the amendments thereof effective September 1, 1947. See, 28 U. S. C. A., following Sec. 723c, p. 479. One of those amendments struck from original Rule 14 the words "or to the plaintiff" as they appeared in the first sentence of that rule. Those same words appear in the first sentence, and in the same context in Mo. R. S. A. Sec. 847.20. That amendment thus limited, as to Federal practice, the right of an original defendant to file a third-party petition to a third-party defendant who is or may be liable only to the original defendant. See, "Analysis of Rule 14", 1 Moore's Federal Practice, 1947 Supplement, Pocket Part, page 354, et seq. And compare original and amended Federal Rule 14, and our statute in question.

In the practical use of Rule 14 the experience of the Federal Courts demonstrated that after the tender of a third-party defendant by granting of leave and filing of a third-party petition most plaintiffs declined such tender, refused to amend the complaint and state a cause of action, or, as it is now denominated, a claim upon which relief could be granted, as against such tendered third-party defendant. The many Federal cases under Rule 14 are in such hopeless conflict that any attempt in this opinion to reconcile them would not be profitable. However, the sounder, better reasoned and more persuasive majority view expressed in those cases is that plaintiff is not compelled to accept the tender of the third-party defendant and amend his complaint to state a claim and cause of action against the third-party defendant if he desires not to do so. Bates v. Miller, 133 Fed. (2d) 645, certiorari denied, 63 S. Ct. 1446, 320 U. S. 210, 87 L. Ed. 1848; Brown v. Cranston, 2 F. R. D. 270, 132 Fed. (2d) 631; General Taxicab Assn. v. O'Shea, 109 Fed. (2d) 671; Malkin v. Arundel Corp., 36 Fed. Supp. 948; Whitmire v. Partin, 2 F. R. D. 83; Crim v. Lumberman's Mutual Casualty Co., 26 Fed. Supp. 715; Delano v. Ives, 40 Fed. Supp. 672; Satink v. Holland, 28 Fed. Supp. 67, 31 Fed. Supp. 229; Rutherford v. Pennsylvania Greyhound Lines, 7 F. R. D. 245; Connelly v. Bender, 36 Fed. Supp. 368. As Federal Rule 14 was originally written it seems not to have been workable. The impleader of a new third-party defendant was but a time consuming gesture because judgment could not be awarded plaintiff against the third-party defendant if plaintiff refused to amend and state a cause of action against such third-party defendant (See cases just cited, supra.) Original Federal Rule 14 was therefore amended.

It is suggested that, under the instant circumstances, we adopt a strict interpretation of this section of our Code, but **[130]** we are admonished by the Code itself that it should be construed "to secure the just, speedy and inexpensive determination of every action". We reaffirm our adherence to the principle that procedural statutes deserve liberal construction. We are mindful that this Code was the result of an effort on the part of the bar and the legislature, so far as it could be accomplished and the rights of litigants safeguarded; to streamline procedure, abandon the technical and the useless and provide judicial processes which would facilitate the disposition of litigation upon its merits.

Nevertheless we must consider legislation as we find it written. Our function is limited to its interpretation. We cannot discuss our views of how we think it should be, but is not.

Under our statute in question here the granting by the trial court of a motion of the original defendant to implead a new third-party defendant is discretionary. The plain words of the statute make it so. Mo. R. S. A. Sec. 847.20, 847.16(b), Browne v. Creek, 357 Mo. 576, 209 S. W. (2d) 900; General Taxicab Assn. v. O'Shea, supra; 1 Carr's Missouri Civil Procedure, Sec. 69, page 201. See also, "Five Years of Federal Third-Party Practice", 29 Virginia Law Review, 981, 991, "Federal Third Party Practice", 53 Harvard Law Review, 449, 27 Cornell L. Q. 74, 40 Cal. L. Rev. 150.

The fifth sentence of our statute (Sec. 847.20) makes it optional with plaintiff as to whether if leave to file a third-party petition be granted, he will accept the new third-party defendant as a defendant. That provision of the statute states: "The plaintiff *may* amend his pleadings to assert against the third-party defendant any claim which the plaintiff might have asserted against the third-party defendant had he been joined originally as a defendant". (Emphasis ours) By that provision it is clearly optional with plaintiff whether he will accept the third-party defendant as a defendant in the case. It is not mandatory that plaintiff accept him, and state a cause of action against him. Upon this point we adopt the view stated in the Federal cases cited supra. Under our statute if the new third-party defendant is so accepted by plaintiff as a defendant in the case by the amendment of plaintiff's petition, and a statement therein of a cause of action against the third-party defendant, then the named third-party defendant may assert all his defenses and is bound by all adjudications of liability which may be made in the judgment. That last mentioned portion is both procedural and substantive. But plaintiff cannot have a judgment against the third-party defendant until and unless by amendment of his petition he has asserted a "claim" against him by the statement of a cause of action against such third-party defendant, or, as it is now said, the statement of a claim upon which relief can be granted. Langenberg v. City of St. Louis, 355 Mo. 634, 197 S. W.

(2d) 621; DeVault v. Truman, 354 Mo. 1193, 194 S. W. (2d) 225; Gerber v. Schutte Inv. Co., 354 Mo. 1246, 194 S. W. (2d) 25.

There can be no question about the discretion given to the trial court by the statute in question. That discretion is amplified by Sec. 847.16(b) of the Code stating that the trial court "*may* make such orders as will prevent a party from being embarassed, delayed, or put to expense by the inclusion of a party against whom he asserts no claim and who asserts no claim against him, and *may* order separate trials or make other orders to prevent delay or prejudice". (Emphasis ours) The just quoted section emphasizes and supplements the discretion vested in the trial court by Sec. 847.20. It also reinforces the option given plaintiff by the fifth sentence of Sec. 847.20 to accept or refuse the new third-party defendant as a defendant, i.e., to accept him by amending the petition to state a cause of action against him or to refuse him by declining to amend.

While this new third-party procedure seems in a measure to qualify the freedom of choice which existed before the new Code as to which and how many defendants plaintiff would sue, yet in its practical aspects plaintiff still may determine what defendants shall be taken into the actual trial as potential judgment debtors. This is first [131] true because the present statute gives plaintiff the option to refuse an offered third-party defendant by declining to amend and state a cause of action against him. And further analysis of the situation before us will disclose another equally effective reason.

It is said that this third-party section of our Code was intended to apply only to instances of secondary and derivative liability or liability by relation, and that it should not apply at all to tort actions. The application of a third-party practice to such cases as an action against a surety where the latter seeks to bring in his principal, or an action against an endorser of a note where the latter seeks to bring in the maker or an action upon a contract where different possible defendants might have different but related liabilities to plaintiff all arising from the same instrument, at first blush may seem to be more practical, more adaptable and more facile of usage. But respecting the character of action in which it may be used the statute itself contains no restrictive limitations upon the use of third-party procedure. We cannot restrict it by interpretation. Any such restriction lies within the scope of the legislative function.

Counsel for respondent urge that to permit the original defendant to implead a third-party defendant for contribution would be in contravention of Mo. R. S. A. Sec. 3658, our contribution statute. This latter statute declares the substantive law of Missouri respecting the rights *inter sese* of contribution between joint tort feasors. It allows contribution between joint tort feasors only after a joint judgment against them. Neal v. Curtis & Co. Mfg. Co., 328 Mo. 389, 41 S. W. (2d) 543; Farrel v. Kingshighway Bridge

Co., (Mo. App.) 117 S. W. (2d) 693. Apart from that statute there is no right of contribution between joint tort feasors. Avery v. Central Bank of Kansas City, 221 Mo. 71, 119 S. W. 1106. Even after a third-party defendant is ordered impleaded, and even after he is accepted as such by amendment of plaintiff's petition, under Section 3658, by proper release prior to judgment, plaintiff may contract to discharge him from the liability for a nominal consideration without impairing his right to proceed to judgment as to the balance of his claim against the original defendant. Thus, even after a third-party defendant is duly impleaded and at any time before final judgment, plaintiff may determine who shall be parties defendant and by release may prevent a third-party defendant from becoming subject to contribution. But Sec. 847.20 does not even undertake to change the substantive law, nor could it do so, respecting contribution as fixed by Section 3658, but affects only who may possibly be defendants at some stage of the case. In any event, the underlying substantive liability for contribution cannot be decisive of the right to merely implead a new defendant. The right to move for impleader is unequivocally given by this statute subject always to the court's discretion.

Nothing in Sec. 847.20 changes the substantive law in Section 3658, for only upon joint judgment does the right of contribution come into existence. Schroeder v. Longenecker, 7 F. R. D. 9. Neither the filing of a motion for leave to file a third-party petition, nor the granting of such motion, nor the filing of a third-party petition, nor the acceptance of the third-party defendant as an actual defendant by the amendment of plaintiff's petition to state a cause of action against him (which are the permissive and procedural things allowed by Sec. 847.20) give rise to the right of contribution between joint tort feasors. Only a joint judgment can give rise to that right. Other than to file a motion praying an impleader, Sec. 847.20 gave a joint tort feasor no right he did not theretofore have.

If that motion is sustained and the proposed third-party defendant stays in the case and becomes a joint judgment debtor, then and only then does the original defendant acquire the further right of contribution. Section 847.20 prescribes processes by which it may be determined who may at some stage or eventually be defendants in the case. There is no provision in this procedural statute for contribution at all. It does not compel contribution. Nor is contribution inevitable when the motion to implead is filed. Thereafter, the trial court in the exercise of its discretion may decline to grant the motion to implead, [132] or, the plaintiff may exercise his option and decline the tendered third-party defendant, or, the trial may result in a judgment discharging him. Section 847.20 neither enlarges nor diminishes the substantive law provisions of Section 3658. The two statutes are not repugnant and neither is impaired by the other.

Relator urges upon us the adoption of what his brief denominates the "Texas rule" which, he states in his brief, is exemplified by Lottman v. Cuilla, 288 S. W. 123, and Glazer v. Wheeler, 130 S. W. (2d) 353. Those cases do not turn on a third-party procedural statute, such as is involved here, but upon the particular substantive law of that jurisdiction respecting contribution between joint tort feasors. Whatever may be the local law of Texas, it is neither persuasive nor decisive here.

The question of the timeliness of the filing of the motion for leave to file the third-party petition has been raised but upon the entire record here we consider that relator's motion was timely filed.

We conclude and rule, under this statute as written, that notwithstanding objection thereto by plaintiff, the respondent Judge has a wide judicial discretion to grant or refuse leave to file the third-party petition.

It appearing from the record before us that the respondent, in view of plaintiff's objection to relator's motion, questioned his power and jurisdiction, as Judge of said circuit court, to exercise any discretion whatever in this instance, and that he failed to exercise his judicial discretion in the premises, the alternative writ heretofore issued is hereby made permanent. However, our writ of mandamus heretofore issued is hereby ordered to be, and the same is modified, and, not inconsistent with the views herein expressed, the respondent Judge is ordered and directed to consider and rule upon relator's motion for leave to file his third-party petition in case number 38709, now pending in the circuit court of Boone County, and entitled "Andrew Lanham, a minor, etc., vs. Thomas McClure, Jr." It is so ordered. All concur.