**NATIONWIDE MUTUAL INSURANCE COMPANY and William F. Hileman, Appellants,**

v.

**CAPITOL CAB COOPERATIVE ASSO-CIATION, INC., Appellee.**

No. 2477.

Muncipal Court of Appeals for the District of Columbia.

Argued Nov. 16, 1959.

Decided Feb. 26, 1960.

William T. Clague, Washington, D. C., for appellants.

J. Lawrence Hall, Washington, D. C., for appellee.

Before ROVER, Chief Judge, and HOOD and QUINN, Associate Judges.

QUINN, Associate Judge.

In an action in the United States District Court a judgment for $16,000 was entered against William F. Hileman and Avery T. Horton. In satisfaction of the judgment Hileman's insurer, appellant-insurance company, paid $11,000 and Horton's insurer paid $5,000. This suit for contribution was instituted by appellants because of the disproportionate sums paid in the District Court action. Appellee was not a party to that suit and neither was appellant-insurance company, which is now subrogated by the insurance contract to all of Hileman's rights.

The gist of appellants' claim in this suit is as follows: Between Horton and appellee an agency relationship existed, and since Horton was found liable to appellant Hileman on the cross-claim (which is apparently uncollectible), appellee should now satisfy the judgment against its agent.

Appellee filed a motion to dismiss the complaint, which was granted. Appellants then filed a motion to rehear the dismissal, which was denied. In that denial the court gave its reasons for the dismissal, stating:

> "* * * the Federal Rules of Civil Procedure contemplated the disposition of an entire controversy in one proceeding, and by providing a time at which the defendant herein [appellee] could have been brought before the Court in the prior action in the United States District Court, foreclosed or barred plaintiffs from bringing this action; and upon the further ground that by prosecuting the previous action to a judgment in favor of the present Plaintiff Hileman against the agent of a disclosed principal, foreclosed the present plaintiffs from bringing this action against the principal."

The question before us is whether the trial court was correct in dismissing appellants' complaint on the grounds stated. The court must have had Rule 14 of the Federal Rules of Civil Procedure, 28 U.S. C.A. in mind in making the ruling. More precisely then, the question for determination is whether Hileman's failure to file a third-party complaint against appellee in the District Court would bar this action, and whether suit against an alleged agent in the District Court prevents this suit against the putative principal. We think both questions must receive a negative answer. The Federal Rules may contemplate a disposal of the entire case but, in this situation, they do not require it. Rule 14 is permissive, not mandatory, and a defendant is not required to assert a third-party claim.[1] Accordingly, we feel that it was error to dismiss this suit because it was not asserted in the District Court; otherwise, a defendant would be required to file a third-party complaint, which is contrary to the rule.

Concerning the agency question, we feel that a judgment taken against an agent will not necessarily bar a suit against the principal, especially when the judgment remains unsatisfied,[2] and appellee does not seriously contend otherwise.

In conclusion, we expressly disclaim any indication that Horton was in fact the agent of appellee because that is a question that first must be determined in the trial court.

Reversed.

---

1. 3 Moore, Federal Practice § 14.06 (2d ed. 1948).

2. See 30A, Am.Jur., Judgments § 430 (1958). See also, 1 Harper & James, Torts § 10.1 at 700 (1956).