MALONEY CONCRETE COMPANY, ET AL. *v.*
D. C. TRANSIT SYSTEM, INC.

[No. 161, September Term, 1965.]

*Decided February 15, 1966.*

The cause was argued before PRESCOTT, C. J., and HORNEY, MARBURY, OPPENHEIMER and BARNES, JJ.

*J. Joseph Barse,* with whom were *H. Mason Welch, J. Harry Welch, Walter J. Murphy, Jr.* and *James A. Welch* on the brief, for appellants.

*Harold Smith* for appellee.

HORNEY, J., delivered the opinion of the Court.

The sole question presented by this appeal is whether the provisions of Maryland Rule 315, permitting the joinder of third party defendants, precludes the bringing of a separate action for contribution against an alleged joint tort-feasor after the conclusion of the original action.

The plaintiffs-appellants (Maloney Concrete Company and James D. Ganley) filed suit against the defendant-appellee (D. C. Transit System) on February 1, 1965. Besides stating that John P. Curry (the original plaintiff), who was injured in a motor vehicle accident, had brought suit against the plaintiffs-appellants (the original defendants) and recovered a judgment for $25,000 and costs, the declaration alleged that the defendant-appellee herein had recklessly and negligently "caused or contributed to the cause" of the injuries sustained by the original plaintiff and were therefore liable to the original defendants for contribution as a joint tort-feasor.

The defendant-appellee demurred to the declaration on the ground that it should have been joined as a third party defendant in the original action and, not having been so joined, was

not subject to suit as a joint tort-feasor in this separate action.

The lower court, apparently on the theory that because the plaintiffs-appellants could have but did not join the defendant-appellee as a third party defendant in the original action they were precluded from maintaining this separate action, sustained the demurrer and entered a judgment for costs in favor of the defendant-appellee against the plaintiffs-appellants. We think the demurrer should have been overruled.

Section a of Rule 315 provides in pertinent part that:

> "Where the defendant in an action claims that a person not a party to the action is or may be liable to him for all or part of the plaintiff's claim against him, he may at any time after commencement of the action cause to be served a summons and third-party claim, * * * upon such third party. * * *"

The purpose and meaning of the rule is clear. It *permits* a defendant to bring in anyone as a third party defendant who is or may be liable to the original defendant for all or part of the claim of the plaintiff, but it does not *require* the joinder of such party, nor *preclude* separate action against him.

As was pointed out in *Gorn v. Kolker*, 213 Md. 551, 133 A. 2d 65 (1957), Maryland Rule 315 is substantially the same as Rule 14 of the Federal Rules of Civil Procedure. Moreover, the law writers and the cases in this and the federal courts make it clear that the impleading of third parties as defendants in civil actions is permissive and not mandatory.

Among the treatises in this procedural area, the statement in 3 Moore, *Federal Practice*, § 14.06 (2d ed.), that "an original party may, but is not obliged to implead a third party, and his failure to do so, or the court's refusal to permit him to do so, affects none of his substantive rights," is followed by the unequivocal declaration that "it is no defense to an action for contribution that the plaintiff, when originally sued by the injured party in a federal court, failed to bring in the defendant as a third party." To the same effect, see 1A Barron and Holtzoff, *Federal Practice and Procedure*, § 422 (Wright Supp. 1965).

In one of the earlier cases on the subject, the Supreme Court of the United States in *Erie R. R. v. Erie & Western Transp. Co.,* 204 U. S. 220 (1907), held that the original defendant was not required to adopt the procedure permitted by the substantive law of admiralty in collision cases which subsequently formed the basis of Federal Rule 14. Several of the federal district courts have made similar rulings. In *Lee's Inc. v. Trans-continental Underwriters,* 9 F.R.D. 470 (U. S. D. C. Md. 1949), it was said (*per* Chesnut, J.) that "the wording of [Rule 14] is not couched in terms that are mandatory but are clearly discretionary." Similarly, in *Union Paving Co. v. Thomas,* 9 F.-R.D. 612 (U. S. D. C. E. Pa. 1949), it was stated that "Rule 14 confers upon a defendant the right to bring in additional defendants which he may exercise or ignore as he sees fit." And see *Broden v. Bowles,* 35 F.R.D. 13 (U. S. D. C. D. C. 1964).

Further, in *Nationwide Mutual Ins. Co. v. Capital Cab Co-op. Ass'n.,* 158 A. 2d 674 (D. C. Mun. App. 1960), it was said, at p. 675, that "the Federal Rules may contemplate a disposal of the entire case but, in this situation, they do not require it. Rule 14 is permissive, not mandatory, and a defendant is not required to assert a third-party claim."

And this Court, in a suit by a tort feasor which had settled with the claimant against an alleged tortfeasor, held in *O'Keefe v. Baltimore Transit Co.,* 201 Md. 345, 94 A. 2d 26 (1953), that "there is no requirement in [Rule 315] that an action for contribution must be brought in the original action and cannot be brought in an independent action."

> *Judgment for costs reversed; appellee to pay the costs on appeal.*