Mame G. Santagata, J.
This motion was brought by the defendants for leave to file an amended answer and cross claim against one of the plaintiffs, Stanley Lipson. The within action was commenced by the plaintiffs, Stanley Lipson, the owner-operator of a motor vehicle, and Pearl Lipson, his wife and passenger in that vehicle, against the defendants, Fred Gewirtz, the owner of the vehicle, and Ann Gewirtz, the operator of the said vehicle.
This motion of the defendants to cross-claim against the plaintiff operator has been brought in reliance on the recent Court of Appeals decision: Dole v. Dow Chem. Co. (30 N Y 2d 143) a landmark decision which has directly changed long-standing substantive law and has made available procedural tools to defendants in negligence actions that previously could not be utilized. Consequently, Dole (supra) has started an avalanche of motions similar to this one.
Prior to Dole (supra), the plaintiff held the absolute reins as to which one or more of several joint tort-feasors he would sue. As a matter of substantive law, if the plaintiff named as defendants several tort-feasors, their liability to the plaintiff was joint and several. By virtue of the substantive law, the defendant tort-feasor had no right of action against either a codefendant or a third person, not a party to the action, unless the liability fell within the two following exceptions:
1. That the third person, by agreement express or implied, was obligated to indemnify the defendant in whole or in part.
2. That the third person was guilty of active negligence and the defendant was guilty only of passive negligence. (Putvin v. Buffalo Elec. Co., 5 N Y 2d 447.)
In each of these limited exceptions, the defendant could implead a third person who had not been made a party defendant by the plaintiff, or the defendant could institute a separate action after the original action was terminated and judgment obtained by the plaintiff. (Westchester Light. Co. v. Westchester County Small Estates Corp., 278 N. Y. 175.)
Accordingly, the tort-feasor, who was not named as a defendant by the plaintiff, could escape complete liability unless he fell within the two limited exceptions noted above.
After judgment, the rights of named defendant tort-feasors as against each other were limited to contribution pursuant to CPLR 1401, which compels equal contribution by each defendant subjected to the same judgment. In such instances, one defendant had a right of action against a codefendant only if (a) the plaintiff recovered a money judgment against both defendant tort-feasors, and (b) that the defendant suin^ had *601 paid more than his prorata share of the judgment.
The entire concept of liability without fixing degrees of responsibility was replete with inequities. The doctrine of active and passive negligence, at best, was a strained concept, difficult to understand and tedious to apply.
Dole (supra) has changed the substantive law. The Court of Appeals in one bold strike, eliminated the illusory fiction of active and passive negligence, setting down in its place the logical rule that the degree of responsibility of each tort-feasor should be determined on the facts as presented on trial, and damages should be assessed and apportioned among the joint tort-feasors. (Kelly v. Long Is. Light. Co., 31 N Y 2d 25.)
The plaintiff no longer holds the absolute reins as to which tort-feasor he will hold liable for negligence. Because of the change in the substantive law, the defendant can now make all joint tort-feasors part of the plaintiff’s action whether named by the plaintiff or not. This, in effect, has given to the defendant the procedural mechanisms provided for in the CPLB, but which were previously unavailable to him.
In order to accomplish the end outlined by Dole (supra), that is, that the degrees of responsibility among joint tort-feasors be fixed and damages assessed and apportioned among them, the defendant must bring the tort-feasors before the court, or else be relegated to a separate action after the plaintiff obtains judgment. To avoid a multiplicity of suits, the best procedure would be to bring all persons before the court in the one action. A review of a multitude of cases before and after Dole (supra), and including the motion before this court, reveals that the terms used in the joinder of parties is loose, often inaccurate, and more often incorrect.
A defendant has several alternate means by which he can bring the joint tort-feasor before the court. Briefly stated, they are as follows:
1. Impleader, CPLR 1007, by joining a person not already a party to the action. The defendant must serve upon the person a summons and third-party complaint. Judgment would be recovered by the plaintiff against the defendant and by the defendant, as third-party plaintiff, against the third-party defendant.
2. Counterclaim, CPLB 3019 (subd. [o]), by asserting an action against one or more of several party plaintiffs. The counterclaim must be set forth in the answer or amended answer as a separate cause of action. The defendant is entitled to a charge that if the jury finds that the plaintiff against *602 whom the counterclaim is asserted, is guilty of contributory negligence, the plaintiff’s claim shall be dismissed and the-jury shall then weigh .the respective negligence of that plaintiff and the defendants and apportion responsibility among them. Judgment in favor of the remaining plaintiffs would be against the defendant for the full recovery and judgment in favor of the defendant on the counterclaim for that amount fixed as the plaintiff’s share of the damages.
3. Cross Claim, CPLB 3019 {subd. [&]), is limited to claims between defendants. There is no need for a defendant to assert a claim against a codefendant in .the same action. The court on its own initiative is to instruct the jury to fix responsibility among the defendants and apportion damages among those found to be liable -to the plaintiff. Judgment would be rendered in favor of the plaintiff against each defendant for his share of the damages.
Bole {supra) can be a beacon furthering the quest for expeditious justice while avoiding a multiplicity of suits, the judgment reflecting equity among the parties, or it can be a pandora’s box that can be used as a medium to open the door to wholesale nebulous defendant claims. Each action should be founded upon an integrity of rights, properly and timely pleaded. If the bar does anything less, it can make Bole {supra) a nightmare rather than the giant step forward that was intended.
In the case at bar, the defendant has moved to cross claim against the plaintiff. This procedure is incorrect. The motion should have been made under CPLB 3019 (subd. [a]) for leave to amend the answer and allege a counterclaim. The court shall render its decision as if the -motion were properly made as aforesaid.
It is to be noted that the defendant’s motion herein was made after a statement of readiness was filed. Such practice is undesirable and ordinarily should be viewed with strong disfavor. In the instant case, however, the remedy was not available prior to Bole {supra). Therefore, in the interests of justice, the court will not deprive the defendants of their remedy.
Accordingly, the defendants are granted leave to amend their answer to assert a counterclaim against the plaintiff operator, Stanley Lips on. The amended answer and counter claim must be served and filed within 10 days of the date of receipt of this order by the parties.