June ESLER, Appellee,

v.

SAFEWAY STORES, INC., and Norris Shoaf, Appellants.

No. 78-1173.

United States Court of Appeals, Eighth Circuit.

Submitted Sept. 14, 1978.

Decided Oct. 18, 1978.

Rehearing and Rehearing En Banc Denied Nov. 13, 1978.

Paul H. Niewald (argued) Niewald, Risjord & Waldeck, and Ronald K. Barker, Kansas City, Mo., filed briefs for appellants.

Randall E. Hendricks (argued) of Stinson, Mag, Thomson, McEvers & Fizzell, and Paul E. Donnelly, Kansas City, Mo., filed brief for appellee.

Before HEANEY and STEPHENSON, Circuit Judges, and HANSON,[*] Senior District Judge.

PER CURIAM.

Safeway Stores, Inc., and Norris Shoaf appeal from a judgment entered after a jury trial awarding June Esler $152,000 for the wrongful death of her husband, John Esler. John Esler was killed when a tractor-trailer, owned by Safeway and driven by Shoaf, struck the boom arm of a crane that supported a basket in which Esler was working on a traffic signal light. The collision propelled Esler out of the basket and onto the ground causing his death. June Esler brought this diversity action under Missouri's humanitarian doctrine, a form of the last clear chance doctrine. *See Brown v. Gamm,* 525 F.2d 60 (8th Cir. 1975); W. Prosser, Law of Torts 430–432 (4th ed. 1971). She alleged that Shoaf, by the exercise of the highest degree of care, should have seen John Esler in a position of peril in time to have avoided a collision with the

---

[*] WILLIAM C. HANSON, United States Senior District Judge for the Southern District of Iowa, sitting by designation.

crane.[1] The parties stipulated that if Shoaf was found liable, then Safeway was also liable under the doctrine of respondeat superior.

On the evening of March 24, 1976, Shoaf was delivering bread along his regular route to eleven Safeway Stores in the Kansas City, Missouri, area. The ninth store on his route was located near the intersection of Highway 50 Eastbound and Raytown Road. After making his delivery, Shoaf turned onto Raytown Road. He proceeded north to the intersection where he stopped for a red light. Just as his light turned from red to green, Shoaf directed his attention to a car approaching from his left on Highway 50 Eastbound to determine whether it was going to stop at the intersection. The car stopped and Shoaf crossed the intersection. He continued straight north along Raytown Road a short distance until he heard "a banging or crashing noise." Shoaf thought he had struck one of the signal lights. He pulled over in front of a service station and examined his trailer. He found that the upper right front corner had been dented. Shoaf walked to the service station and called the police to report the low-hanging traffic signal.

The crane supporting Esler was fifty feet north of the intersection. The body of the crane was placed alongside the curb to the right of northbound traffic on Raytown Road. The boom arm extended from the body of the crane to the traffic signal located approximately twenty feet above the center of the road. The weather was clear and dry. Numerous witnesses testified that they observed Esler working on the traffic signal immediately prior to the accident. Shoaf, however, testified that he never saw either Esler or the crane prior to the accident.

 On appeal, Safeway and Shoaf first argue that the jury verdict is not supported by sufficient evidence and, thus, their motion for a directed verdict was improperly denied. We have carefully reviewed the record. Viewing the evidence in the light most favorable to Esler, we conclude that it is sufficient to sustain the jury's verdict.

 Safeway and Shoaf also argue that the trial court erred in admitting certain expert testimony. An expert in light illumination testified with respect to how far back a crane, such as Esler's, could be seen by an individual heading north along Raytown Road. The opinion was based on a reconstruction of the accident scene and an analysis of the visibility conditions existing at the time of the accident. We find no abuse of the trial court's discretion in admitting this evidence. See Fed.R.Evid. 702.

The judgment is affirmed.

---

1. June Esler's complaint also alleged a cause of action based upon ordinary negligence. Prior to trial, the parties stipulated to the dismissal of this count.