475 F.Supp. 679 (1979)
FEDERATED MUTUAL INSURANCE CO.
v.
Kathryn (Mrs. Floyd) GRAY, formerly Kathryn Watson.
No. N78-31C.
United States District Court, E. D. Missouri, N. D.
September 4, 1979.
*680 Jerome W. Seigfreid, Louis J. Leonatti, Mexico, Mo., for plaintiff.
Marion F. Wasinger, Hannibal, Mo., for defendant.

MEMORANDUM
NANGLE, District Judge.
This case is now before the Court on defendant's motion to dismiss. Plaintiff filed this suit pursuant to 28 U.S.C. § 1332 alleging a cause of action based on indemnity. A short history of this action and related litigation is helpful to the disposition of this motion.
On June 17, 1972, twelve year old Tony Watson was injured on the farm of his grandmother, the defendant in the present case. The injury resulted from contact with uninsulated electric transmission lines owned by Tri-County Electric Co-op Association ("Tri-County"), plaintiff's insured. Plaintiff presently alleges that defendant was negligent in allowing the child to come near the dangerous wires, when she knew of the condition.
Tony and his parents subsequently filed suit against Tri-County. These suits were settled by plaintiff on behalf of its insured for $110,000.00 in October of 1977. Tony and his parents executed releases at the time purporting to release Tri-County "and all other persons, firms, or corporations liable, or who might be claimed to be liable." On November 3, 1978, plaintiff instituted this suit seeking indemnity from defendant for her proportionate share of the settlement amount, based on her relative degree of fault.
Whether plaintiff states a cause of action is dependent on Missouri law. The accident occurred in Missouri, and at the time of the relevant conduct, the defendant resided in Missouri. Missouri is, therefore, the state with the most significant relationship to the cause of action. Kennedy v. Dixon, 439 S.W.2d 173 (Mo. en banc 1969).
Defendant's initial contention that plaintiff is not the real party in interest is not well-founded. Plaintiff, as Tri-County's insurer, negotiated and paid the settlement with Tony Watson and his parents. In addition, Tri-County subsequently executed an assignment of all its claims with respect to the Watson incident to plaintiff. Under such circumstances, the insurer is the real party in interest. State Farm Mutual Automobile Insurance Co. v. Jessee, 523 S.W.2d 832 (Mo.App.1975).
Missouri law concerning contribution and indemnity among joint tort-feasors has recently undergone a drastic transformation. In Missouri Pacific Railroad Company v. Whitehead and Kales Company, 566 S.W.2d 466 (Mo. en banc 1978), the court held that one joint tort-feasor may be indemnified by another in pari delicto based on the relative apportionment of fault. Prior to this decision, indemnification was only allowed in situations where one tort-feasor's negligence could be considered "passive" while the other's negligence was "active". See, for example, Fields v. Berry, 549 S.W.2d 122 (Mo.1977). It is now possible for one joint tort-feasor who is sued by the injured party to implead the second joint tort-feasor and have the jury apportion the damages according to their relative degrees of fault.
The issue presented by the present case is whether plaintiff has forfeited its right to indemnity because it did not implead defendant in the prior actions. The answer is clearly "no". At the time that Tri-County was sued by Tony and his parents, attempting to implead the present defendant would have been a futile gesture. Both Tri-County and the present defendant were "actively" negligent, as that term is used in the present context. Fields v. Berry, supra. Therefore, contribution would not have been allowed.
The decision in Whitehead and Kales did more than merely create a new procedural right; it created a new substantive cause of action where there previously was none. Having created a new substantive right, the decision is to be applied retroactively. Roth v. Roth, 571 S.W.2d 659, 672 (Mo.App.1978); Shepard v. Consumers *681 Cooperative Association, 384 S.W.2d 635 (Mo. en banc 1964). To penalize plaintiff because it did not attempt a gesture futile at the time would be inequitable.
Furthermore, the language of Whitehead and Kales implies that indemnity may be sought in a separate suit. The Missouri Supreme Court states in that opinion, at 474,
Concurrent or joint tortfeasors not sued by plaintiff, however, may now be brought in by third party practice for a determination in due course of their relative part of the responsibility, if such is the case, for the overall injury and damage to the plaintiff. A jury in the same or separate trial at the discretion of the trial court, ..., should be charged with the responsibility for determining a relative distribution of fault and liability for the damages flowing from a tort, which damages will be, along with a finding of negligence, the predicate to apportionment. (emphasis added)
In the accompanying footnote, n. 8, the court adds:
Whether or not a separate trial is required of the issues between the third party plaintiff and third party defendant necessarily depends upon the particular case.
Therefore, plaintiff's right to indemnity is not forfeited by the fact that such indemnity is sought in a separate suit after the conclusion of the primary lawsuit.
Neither is plaintiff's right affected by the fact that the prior suit was settled, rather than having been tried to a verdict. A good faith settlement by one tort-feasor may be the basis of indemnification from joint tort-feasors. Travelers Insurance Co. v. Bank Building & Equipment Corp., 307 F.Supp. 510 (W.D.Penn.1969). Defendant does not claim in the present case that the settlement by plaintiff in the prior suit was not made in good faith or for a reasonable amount.
Finally, defendant's claim that this suit is barred by the statute of limitations is also without merit. The statute began to run at the time of the settlement, not at the time of the original accident. Simon v. Kansas City Rug Co., 460 S.W.2d 596 (Mo. 1970). This suit was instituted just over a year after the settlement, well within the applicable limitations period, § 516.120, R.S.Mo. (1969). Therefore, defendant's motion to dismiss will be denied.