SAFEWAY STORES, INC., Appellant,

v.

CITY OF RAYTOWN, et al., Respondents.

No. 63152.

Supreme Court of Missouri, En Banc.

May 11, 1982.

Rehearing Denied June 8, 1982.

Paul H. Niewald, John L. Hayob, Kansas City, for appellant.

Darwin E. Johnson, William T. Session, Jeffrey T. O'Connor, Kansas City, for respondents.

HIGGINS, Judge.

Plaintiff, Safeway Stores, Inc., appeals from final judgment of dismissal with prejudice of its cause of action for apportionment of liability between it and three defendant-respondents, City of Raytown, Fulton Industries, Inc., and Contractor's Supply Company. The liability of Safeway arises from a judgment rendered against it in a wrongful death action in United States District Court, Western District of Missouri, March 24, 1976. *Esler v. Safeway Stores, Inc.*, 585 F.2d 903 (8th Cir. 1978). Safeway did not implead respondents in the original suit for purposes of subjecting them to a joint judgment as concurrent tortfeasors. The trial court adopted the respondents' position that "absent a prior finding of actionable negligence by the original trier of fact, plaintiff is not now entitled to bring a separate and independent action for indemnity against non-parties to the original suit." The trial court's memorandum opinion observed that limiting claims for contribution to the original action through the use of cross-claims, counterclaims or third party practice was consistent with the requirement of due process rights accorded defendants to present their defense "in good time and without lapse of many years." This Court granted transfer of Safeway's appeal upon recommendation of and prior to opinion by the Missouri Court of Appeals, Western District. The issues are whether a defendant against whom a judgment of tort liability is rendered has an independent cause of action for apportionment of liability against concurrent tortfeasors [1]; and if so, whether such an action violates the respondents' due process rights. U.S.Const.amend. XIV, § 1; Mo.Const. art. I, § 10. Reversed and remanded.

■ Safeway's petition alleges: that on March 24, 1976, John Esler was working pursuant to an agreement with the City of Raytown, Mo.; that his work involved the use of a "JLG Lift" leased to Esler by Contractors Supply and manufactured by Fulton Industries, Inc.; that Esler was killed when a Safeway store vehicle collided with said lift; [2] and that subsequently Esler's widow obtained in the United States District Court, Western District of Missouri, a verdict of liability for negligence against Safeway in the amount of $152,000. All

---

1. An issue uncontested in this appeal is whether the principles recognized in *Whitehead & Kales*, are retroactive in effect. The right to partial indemnity or contribution is substantive in nature and thus retroactive in effect. *Roth v. Roth*, 571 S.W.2d 659 (Mo.App.1978).

2. The petition charges all three of the defendants with negligence which if established would subject them to concurrent tort liability.

of the foregoing occurred prior to the decision of *Missouri Pacific Railroad Co. v. Whitehead & Kales Co.*, 566 S.W.2d 466 (Mo. banc 1978). Safeway filed this action on April 9, 1979, seeking the apportionment of liability based on relative fault among the City of Raytown, Contractor's Supply Co., Fulton Industries, Inc., and itself. Respondents' separate motions to dismiss Safeway's petition assert: that no separate substantive or procedural right to indemnity or contribution [3] existed prior to the decision in *Whitehead & Kales* and no such right was created by that decision; and that by failure to file a third party petition against defendants in the "original action" brought by Esler's widow, Safeway "has waived its right to maintain a separate indemnity action." Defendant Fulton Industries also asserted that its right to due process of law would be violated if Safeway's petition is permitted to stand. The trial court granted these motions.

Appellant Safeway contends the trial court erred in its interpretation of the *Whitehead & Kales* decision by ruling that no separate cause of action for apportionment of damages exist; that such a ruling makes the third party practice procedure mandatory rather than permissive. Respondents contend that *Whitehead & Kales* "did not create any substantive or procedural right entitling appellant to seek contribution . . . absent, as a predicate, a finding of actionable negligence by the trier of fact in favor of the original plaintiff (the injured party) against Respondents. . . . that no procedural mechanisms for establishing a finding of actionable negligence outside of those acknowledged in Mo.Pac., exist . . ."; and therefore, the "sole effect" of the decision "was to permit the jury in the original action by the injured party (though perhaps by a bifurcated proceeding), to make a relative determination of fault between the alleged joint tortfeasors."

## I.

Respondents view of *Whitehead & Kales* is too narrow. In that case the defendant, Missouri Pacific, did attempt to implead *Whitehead & Kales* by third party petition (Rule 52.11; § 507.080, RSMo 1978) in the original suit. The attempt was rejected by the trial court, the suit was continued to final judgment, and defendant appealed. Therefore, when decided by this Court, the issue was whether a defendant could bring a third party into the original suit through the use of Rule 52.11, by alleging that the third party is either "in whole or in part liable to the defendant for the plaintiff's claim" against said defendant. Rule 52.-11(a); *Whitehead & Kales*, 566 S.W.2d at 468. The language in *Whitehead & Kales* indicating that the right to apportionment can be exercised by way of cross claim or third party practice is in answer to the question there presented; whether the entire matter may be decided in one suit, by one jury.[4] The case, however, does not limit the right to contribution to the procedural vehicles there mentioned. To the contrary, the decision necessarily recognized the existence of a substantive right to contribution before it determined that Rule 52.11 afforded an appropriate method of exercising it.

In *Whitehead & Kales* this Court held: "A principled right to indemnity should rest on relative responsibility and should be determined by the facts as applied to that issue."; that if a "third party defendant did

3. Although contribution and indemnity or partial indemnity have been used interchangeably, the terms contribution and indemnity represent different concepts. "There is an important distinction between contribution, which distributes the loss among the tortfeasors by requiring each to pay his proportionate share, and indemnity, which shifts the entire loss from one tortfeasor who has been compelled to pay it to the shoulders of another who should bear it instead." W. Prosser, Law of Torts, § 51 at

310 (4th ed. 1971); Contribution—Negligent Tortfeasors, 60 A.L.R.2d 1366–69. The term contribution is preferable when referring to apportionment of loss or damages between joint or concurrent tortfeasors.

4. As a practical matter, Missouri Pacific's action for contribution and apportionment of damages based on relative fault was remanded for trial in a suit completely separate from the original suit brought by Sampson.

certain acts or omissions and was thereby negligent and that the same directly contributed to cause the injuries and damage to the original plaintiff, then the jury should award the third party plaintiff such proportion of the total sum paid by it to plaintiff as corresponds to the degree of fault of the third party defendant. The two concurrent tortfeasors should be treated according to their respective fault or responsibility." *Id.* at 472. In recognizing that the "essential thing is the attempt to be fair as between persons subjected to a common legal liability," this decision abrogated the former common law rule that "there is no right to indemnity or contribution between concurrent or joint tortfeasors in *pari delicto*, except as provided by statute." *Id.* at 469, 472 (citations omitted). Under *Whitehead & Kales* the principle of contribution based on relative fault replaced the "primary-secondary" and "active-passive" indemnity distinctions because the latter yielded the illogical result of finding one of two concurrent tortfeasors totally liable although both were to some degree responsible for the injury caused.[5] *Id.* at 470–74. The present rule in Missouri is what it was prior to misapplication of the no-contribution rule. *Id.* at 469; *Note,* Contribution Between Persons Jointly Charged for Negligence—Merriweather v. Nixon, 12 Harv.L.Rev. 176 (1898). The right to contribution is based upon the "principle of fairness" and was historically a remedy afforded in equity, although subsequently enforced at law under a variety of theories such as assumpsit and quasi contract to rectify unjust enrichment.

*Whitehead & Kales,* 566 S.W.2d at 469. *See generally,* Note, *supra,* 12 Harv.L.Rev. at 178; R. Leflar, Contribution and Indemnity Between Tortfeasors, 81 U.Pa.L.Rev. 130 (1932); 18 C.J.S., Contribution § 2, p. 3.

▌ It is true that the decision in *Whitehead & Kales* recognized that the right to contribution "presupposes actionable negligence." *Id.* at 468. This does not mean, however, as respondents suggest, that a joint judgment of liability against two defendants is a necessary prerequisite to an action for contribution. The defendant against whom contribution is sought must be a tortfeasor, originally liable to the plaintiff-injured party. W. Prosser, Law of Torts, § 50, at 309 (4th ed. 1971). As explained in the Restatement of Torts, Second, § 896A(1) "When two or more persons become liable in tort to the same person for the same harm, there is a right of contribution among them, even though judgment has not been recovered against all or any of them." It is joint liability and not joint judgment which is prerequisite to contribution. *Whitehead & Kales,* 566 S.W.2d at 469. *See, Stephenson v. McClure,* 606 S.W.2d 208, 213 (Mo.App.1980); *Martinez v. Lankster,* 595 S.W.2d 316 (Mo.App. 1980).

Section 537.060, RSMo 1978 permits contribution between tortfeasors who are joint judgment debtors. Prior to *Whitehead & Kales,* the statute was the only authorization for contribution because of the common law bar, *Crouch v. Tourtelot,* 350 S.W.2d 799 (Mo. banc 1961); *State ex rel.*

---

**5.** A majority of states currently permit by statute or decision some form of contribution between negligent tortfeasors. Twenty states have adopted the Uniform Contribution Among Tortfeasors Act, which was drafted in 1939 and revised in 1955. 9 Uniform Laws Annotated, Master ed. 1961, supp. 1981. For a compilation of jurisdictions which permit contribution, *see,* R. Horn, Contribution in Missouri Procedure and Defenses Under the New Rule, 44 Mo.L. Rev. 691, 694 (1979); *see also,* Note, Tort Law: Missouri Pacific Railroad v. Whitehead & Kales Co., 48 U.M.K.C.L.Rev. 54 (1979); W. Anderson & S. O'Brien, Recent Developments in Missouri: Tort Law, 48 U.M.K.C.L.Rev. 661 (1980). In Iowa, the no-contribution rule was never

applied to negligence. *Best v. Yerkes,* 247 Iowa 800, 77 N.W.2d 23, 60 A.L.R.2d 1354 (1956); *Constantine v. Scheidel,* 249 Iowa 953, 90 N.W.2d 10 (1958); *Hawkeye Security Ins. Co. v. Lowe Construction Co.,* 251 Iowa 27, 99 N.W.2d 421 (1959). By comparison Illinois, Nebraska and New York exemplify states where, as in Missouri, the courts have abolished the no-contribution rule. *Skinner v. Reed-Prentice Division Package Machinery Co.,* 70 Ill.2d 1, 15 Ill.Dec. 829, 374 N.E.2d 437 (1977); *Royal Indemnity Co. v. Aetna Casualty and Surety Co.,* 193 Neb. 752, 229 N.W.2d 183 (1975); *Dole v. Dow Chemical Co.,* 30 N.Y.2d 143, 282 N.E.2d 288, 331 N.Y.S.2d 382, 53 A.L. R.3d 175 (1972).

*McClure v. Dinwiddie*, 358 Mo. 15, 213 S.W.2d 127 (banc 1948); and the benefit of the statutory right was unduly limited because the joint judgment prerequisite for contribution could be satisfied only if both defendants were sued by the plaintiff. A defendant could not join a third party defendant unless the plaintiff agreed to amend his petition to include the second defendant. This was because the original defendant's third party petition could not assert a contribution right without joint judgment and this required plaintiff to sue both defendants. *State ex rel. McClure v. Dinwiddie, supra.* In addition to creating a common law right to contribution (as demonstrated above) *Whitehead & Kales* notes "that § 537.060 is silent as to contribution between defendants other than judgment defendants," and that "[t]o limit any apportionment of damages between tortfeasors to those whom the plaintiff has chosen to sue and against whom judgment is rendered is an inartful and capricious policy, relying in excess upon the whim and wrath of a plaintiff before concurrent wrongdoers can share liability." *Id.* 566 S.W.2d at 473. The *Whitehead & Kales* decision transcends § 537.060, RSMo 1978 in alleviation of the harsh effects of the common law no-contribution rule. The decision modified a rule created by the courts. *Accord, Skinner v. Reed-Prentice Division Package Machinery Co.*, 70 Ill.2d 1, 15 Ill.Dec. 829, 374 N.E.2d 437 (1978); *Hawkeye Security Ins. Co. v. Lowe Construction Co.*, 251 Iowa 27, 99 N.W.2d 421 (1959).

The principle of fairness recognized in *Whitehead & Kales* and the logical relation between it and Rule 52.11 mandate recognition of a separate cause of action.[6] The right to implead a defendant under Rule 52.11(a) (Federal Rule 14) presupposes that the third party plaintiff has a substantive right which could be asserted independently. As stated in 3 Moore's Federal Practice, § 14.03 (2nd ed. 1982):

Rule 14 does not 'abridge, enlarge, nor modify the substantive rights of any litigant.' It creates no substantive rights. Thus unless there is some substantive basis for the third-party plaintiff's claim he cannot utilize the procedure of Rule 14. The Rule does not establish a right of reimbursement, indemnity, nor contribution; but where there is a basis for such right, Rule 14 expedites the presentation, and in some cases accelerates the accrual of such right.

This interpretation is persuasive inasmuch as Rule 52.11 is a rescript of Federal Rule 14. *State ex rel. Green v. Kimberlin*, 517 S.W.2d 124 (Mo. banc 1974). Furthermore, when a party is joined as a third party defendant, the trial court may, in its discretion sever the third party action for separate trial. *Whitehead & Kales*, 566 S.W.2d at 474; Rules 52.11(a), 66.02. There is no logical basis for permitting such severance and denying an originally separate suit. Only a temporal difference exists between the two and the passage of time alone does not require distinguishing these otherwise procedurally identical actions.

■ Respondents argue that although a separate cause of action may exist, the failure of Safeway to implead them into the original suit in federal court via Federal Rule 14 constitutes a bar from later seeking contribution separately. Rule 14 impleader is permissive and not compulsory. *See, Federated Mutual Insurance Co. v. Gray*, 475 F.Supp. 679 (E.D.Mo.1978). In 3 Moore's Federal Practice, § 14.06 (2d ed. 1982), it is stated "an original party may but is not obligated to implead a third party, and his failure to do so, ... affects none of his substantive rights," and "it is no defense to an action for contribution that the plaintiff, when originally sued by the

---

**6.** In most states where contribution is allowed, a separate cause of action is permitted. *E.g., Rudolph v. Mundy*, 226 Ark. 95, 288 S.W.2d 602 (1956) (uniform act); *Maloney Concrete Co. v. D. C. Transit System, Inc.*, 241 Md. 420, 216 A.2d 895 (Md.App.1966) (third party practice ruled permissive); *Markey v. Skog*, 129 N.J.Super. 192, 322 A.2d 513 (1974) (uniform act); *Meckley v. Hertz Corp.*, 88 Misc.2d 605, 388 N.Y.S.2d 555 (1976) (uniform act); *Lipson v. Gewirtz*, 70 Misc.2d 599, 334 N.Y.S.2d 662 (1972) (third party practice ruled permissive). *See also*, note 5, *supra*.

injured party in a federal court, failed to bring in the defendant as a third party." *See, Federated Mutual Insurance Co. v. Gray, supra; Accord, Maloney Concrete Co. v. D. C. Transit System, Inc.,* 241 Md. 420, 216 A.2d 895 (Md.App.1966); *Lipson v. Gewirtz,* 70 Misc.2d 559, 334 N.Y.S.2d 662 (1972); *See generally,* Contribution—Relative Fault, 53 A.L.R.3d 184, 217.

## II.

Respondents contend that if Safeway's action is permitted, their rights to due process will be violated because they "would be bound by the judgment in the original action" without notice or an opportunity to defend. Although respondents assert the nature of their due process rights, they fail to elaborate upon why they are bound by the former judgment.

▮ The liability of respondents is not predetermined as contended. Appellant concedes that respondents have the right to perform discovery, and to present evidence to refute Safeway's charges including all defenses which would have been available in the original action. In this action they are entitled to a full opportunity to defend against the present allegations of their fault and the amount of damages which the injured party suffered. It is also noted that Safeway may not recover from any respondent more than its proportionate amount of liability based upon its relative fault, if any, and in no event may Safeway recover more than the amount of the injured plaintiff's award less Safeway's own proportionate liability.[7] Because no determination adverse to the respondents' interests is made by the original judgment, their rights to due process are not violated by the lack of notice or opportunity to be heard in the principal action. *Accord, Sattelberger v. Telep,* 14 N.J. 353, 102 A.2d 577 (1953).

Respondents warn that affording Safeway a separate cause of action will in turn permit respondents, if found liable, to sue other parties for contribution; that this will permit the filing of consecutive contribu-

tions actions *ad infinitum,* with substantial time delays between each.

This hypothetical specter does not warrant respondents' suggested limitation of the principles established in *Whitehead & Kales.* The reasoning of that decision and the principle of fairness compel the permission of a separate contribution suit where necessary. None of the foregoing is intended to indicate a preference for separate actions. The purpose of Rule 52.11 and Rule 14 is to avoid two actions which should be tried together to save the time and cost of duplicate litigation, to reach the same result from the same or similar evidence, and to avoid any handicap to parties which results from a time difference between judgments. 3 Moore's Federal Practice § 14.04 (2d ed. 1952).

In the present case, respondents would deny Safeway's right to contribution because it failed to implead defendants upon a theory not yet recognized in Missouri. This would be inherently unfair. *Federated Mutual Insurance Co. v. Gray, supra.* It is noted that no appreciable time delay has occurred in this case; Safeway's suit for contribution was filed within three years and one month of the date of the accident which gave rise to the original cause of action. This is well within the applicable five year statute of limitations. Section 516.120(1), RSMo 1978; *Federated Mutual Insurance Co. v. Gray, supra; See* Contribution, Indemnity Claims—Timeliness, 57 A.L. R.3d 871; Limitations Applicable to Contribution Actions, 57 A.L.R.3d 927; P. Kutner, Contribution Among Tortfeasors: The Effects of the Statutes of Limitations, 33 Okla.L.Rev. 203 (1980). Should this time limitation prove too long, the legislature can decide what time length is appropriate. As stated, in *State Farm Mutual Automobile Insurance Co. v. Schara,* 56 Wis.2d 262, 201 N.W.2d 758, 57 A.L.R.3d 922 (1972):

> The legislature may well find that the public interest in avoiding stale claims and in protecting parties from suits

---

7. As a matter of equity Safeway cannot be permitted to profit in the separate action. Its

cause of action is for the purpose of recovering part of the amount of judgment against it.

brought too late to effectively investigate the facts may dictate a shorter period for the commencement of a contribution suit when the underlying cause of action sounds in tort. We invite the legislature's attention to the proposed 'Uniform Contribution Among Tortfeasors Act,' 9 Uniform Laws Annot. (1967 Supplement) [§ 3(c)], which suggests in general that actions for contribution based on tort be brought within one year of the accrual of the cause of action.

*Id.* 201 N.W.2d at 761.

Reversed and remanded.

SEILER, MORGAN and BARDGETT, JJ., concur.

WELLIVER, J., concurs in separate concurring opinion filed.

DONNELLY, C. J., dissents in separate dissenting opinion filed.

RENDLEN, J., dissents and concurs in separate dissenting opinion of DONNELLY, C. J.

WELLIVER, Judge, concurring.

I concur.

The issue in this case having most far-reaching implications is the permissive, rather than mandatory, language of Rule 52.11, which provides in part that "a defending party, as a third-party plaintiff, *may* cause a summons and petition to be served upon a person not a party to the action who is or may be liable to him for all or part of the plaintiff's claim against him." (Emphasis added.)

I have already indicated my belief that our decision in *Missouri Pacific Railroad v. Whitehead & Kales Co.*, 566 S.W.2d 466 (Mo. banc 1978), effectively overruled *State ex rel. McClure v. Dinwiddie*, 358 Mo. 15, 213 S.W.2d 127 (Mo. banc 1948), which permitted a plaintiff to decline to accept a proffered defendant. *Parks v. Union Carbide Corp.*, 602 S.W.2d 188, 196 (Mo. banc 1980) (Welliver, J., dissenting). I would now urge that we refer Rule 52.11 to our rules committee for consideration of whether we should make the rule mandatory

rather than permissive. A mandatory rule would further the goal of judicial economy, get everyone into a single lawsuit, achieve consistency of result, and in fact implement the doctrine of fairness that both *Whitehead & Kales* and the principal opinion recognize. It also would eliminate any question of due process.

DONNELLY, Chief Justice, dissenting.

The Court disserves its constituency when it persists in adding to the house of cards it has erected on the inscrutable *Whitehead & Kales*.

I dissent.