## GRUNDY ELECTRIC COOPERATIVE, INC., Appellant,

v.

## Maxine WASHBURN, et al., Respondents.

No. 75436.

Supreme Court of Missouri, En Banc.

May 25, 1993.

Rehearing Denied June 29, 1993.

David P. Madden, Kansas City, Allen D. Seidel, Trenton, for appellant.

Melodie A. Powell, Stephen S. Brown, Kansas City, Jerold L. Drake, Grant City, for respondents.

COVINGTON, Justice.

This is an action for contribution. Grundy Electric Cooperative, Inc., filed suit against Maxine Washburn and Joe Washburn for contribution toward payment of a judgment earlier obtained by Maxine against Grundy for damages for the death of her husband, William, and by Joe against Grundy for personal injuries. Maxine and Joe's damage suits are fully detailed in *Washburn v. Grundy Elec. Coop., Inc.*, 804 S.W.2d 424 (Mo.App.1991) (Washburn I). In the present contribution action, the trial court entered summary judgment in favor of Maxine and Joe. The Missouri Court of Appeals, Western District, affirmed. This Court granted transfer. Affirmed.

In January of 1987, William and his son, Joe, were using a grain auger under an electrical transmission line owned and maintained by Grundy. The auger came into contact with the line, killing William and injuring Joe. Maxine, as William's widow, filed suit against Grundy for wrongful death. Joe filed suit against Grundy for personal injuries. The jury returned a verdict in favor of Maxine, assessing 70 percent fault to Grundy and 30 percent fault to William. The jury returned a verdict in favor of Joe, assessing Grundy's fault at 70 percent. The court of appeals affirmed. *Washburn v. Grundy Elec. Coop., Inc.*, 804 S.W.2d at 426.

In April of 1991, Grundy brought suit against Maxine Washburn, in the stead of her deceased husband William, alleging Maxine was a joint tort-feasor in causing injuries to Joe. Grundy sought contribution from Maxine in the amount of 30 percent of the judgment Grundy had paid to Joe. Grundy filed a similar suit against Joe, alleging that he was a joint tort-feasor with Grundy in causing the death of William, in which Grundy sought recovery of 30 percent of the amount of the judgment

Grundy had paid to Maxine for the death of William.

All parties filed motions for summary judgment. Grundy contended that the jury in its verdict in the original action found Joe to be 30 percent at fault in causing the death of William and found William to be 30 percent at fault in causing injuries to Joe. Since Maxine and Joe had been found to be joint tort-feasors with Grundy, Grundy alleged, Maxine and Joe were liable to Grundy for contribution under the law of comparative fault. Maxine and Joe contended in their motions for summary judgment that the doctrines of *res judicata* and collateral estoppel precluded Grundy from recovery. The trial court held that Maxine and Joe had not been found to be joint tort-feasors with Grundy, and that Grundy was barred by *res judicata* and collateral estoppel from recovery.

In *Missouri Pac. R.R. v. Whitehead & Kales Co.*, 566 S.W.2d 466 (Mo. banc 1978), this Court adopted a system for distribution of joint tort liability on the basis of relative fault. *Whitehead & Kales* recognized that the right to apportionment for contribution purposes could be exercised by way of cross-claim or a third-party practice. *Id.* at 473. In *Safeway Stores, Inc., v. City of Raytown, et al.*, 633 S.W.2d 727 (Mo. banc 1982), this Court held that a separate cause of action for contribution could be maintained. *Id.* at 731. *Safeway Stores* also made clear that a joint judgment of liability against two defendants was not a necessary prerequisite to an action for contribution. The defendant against whom contribution is sought "must be a tort-feasor originally liable to the plaintiff—injured party.... It is joint liability and not joint judgment which is prerequisite to contribution." *Id.* at 730.

For Grundy to maintain an action for contribution, it must show that William and Joe Washburn were joint tort-feasors. Joint liability for purposes of contribution may be determined either in the original action or in a separate action brought for contribution. *Safeway Stores*, 633 S.W.2d at 730. In the underlying damage suits Grundy pled the negligence of William and

Joe, each to the other, and argued joint liability in a motion for new trial, but abandoned the issue on appeal in *Washburn I*. In this case Grundy nevertheless seeks, in part, to raise the issue it abandoned on appeal in *Washburn I*, which was and remains waived. In response to Grundy's allegation on appeal in this case that Maxine and Joe were found in *Washburn I* to be joint tort-feasors with Grundy, however, it is necessary to revisit the issue abandoned in *Washburn I*.

Grundy bases its allegations of joint liability sufficient to allow contribution solely upon the findings of the trial court in *Washburn I*. It is Grundy's position that William's percentage of negligence for his own death is assumed to be his percentage of negligence in causing Joe's injuries. Grundy's contention with respect to assessing a percentage of fault to Joe in causing William's death is based upon a like assumption. Grundy's contention is without support.

It is clear from the record of *Washburn I* that there was no finding of joint liability of William (or Maxine) and Joe, each to the other. The jury instructions and the verdict forms in *Washburn I* were packaged to reflect the two separate causes of action, Maxine's wrongful death claim and Joe's personal injury claim. The verdict director in Maxine's wrongful death package of instructions, based on MAI 32.28, instructed the jury to assess a percentage of fault to "Plaintiff, Maxine Washburn" on her claim for the death of William Washburn if the jury believed:

FIRST, Plaintiffs, Joe Washburn and William D. Washburn, knew or by using ordinary care should have—

a. observed the 7200 volt line prior to contact with the grain auger; or

b. moved the auger in a different direction away from the 7200 volt power line; or

c. lowered the auger prior to moving away from its location at the grain bin, and

SECOND, that Plaintiffs, Joe Washburn and William D. Washburn, failed to use

ordinary care with respect to the above mentioned matters, and

THIRD(sic), that such failure caused or directly contributed to cause damage Plaintiff, Maxine Washburn, may have sustained.

Verdict Form A, for Maxine's wrongful death action, based upon MAI 37.07, instructed the jury to assess percentages of fault in the following manner:

Defendant Grundy Electrical Cooperative, Inc.

___% (zero to 100%)

Plaintiff (fault of William D. Washburn, deceased)

___% (zero to 100%)

Total

___% (zero OR 100%)

On Verdict Form A the jury assessed the percentage of fault against Grundy at 70 percent and against Maxine at 30 percent for the fault of William. Although the verdict director of Maxine's wrongful death instruction package instructed the jury to determine the fault of Maxine by determining the combined negligence of both Joe and William, Verdict Form A specifically instructed the jury to determine the fault of William, not Joe and William; Verdict Form A makes no reference to Joe's fault.

The verdict director on Joe's claim for personal injuries instructed the jury to assess a percentage of fault to "Plaintiff, Joe Washburn" if "Joe Washburn and William D. Washburn" knew or by using ordinary care should have observed the volt line, moved the auger, or lowered the auger, tracking precisely the acts of negligence fully set forth above in this opinion in Maxine's verdict director.

Verdict Form B, for Joe's personal injuries, also based on MAI 37.07, instructed the jury to assess percentages of fault in the following manner:

Defendant Grundy Electrical Cooperative, Inc.

___% (zero to 100%)

Plaintiff Joe Washburn

___% (zero to 100%)

Total

___% (zero OR 100%)

Verdict Form B on Joe's claim did not ask the jury to assess a percentage of fault against William. Although the verdict director on Joe's personal injury claim instructed the jury to find Joe at fault based upon the combined negligence of both Joe and William, it is unclear, reading the verdict director together with Verdict Form B, whether the jury found Joe and William together at fault for 30 percent of Joe's injuries, or whether the jury found only Joe at fault for 30 percent of his injuries.

In summary, in *Washburn I* there was no finding that Joe shared liability for William's death or that William shared liability for Joe's injuries. Grundy has not satisfied the prerequisites to obtain contribution by showing that William and Joe are joint tortfeasors, jointly liable with Grundy in causing the death of William and the injuries to Joe.

Affirmed.

All concur.