HARRY FANE, plaintiff, v. JAMES HOOTMAN, defendant-appellee; CHICAGO, ROCK ISLAND AND PACIFIC RAILROAD COMPANY, third-party defendant-appellant.

No. 50831.

(Reported in 117 N.W.2d 435)

OCTOBER 16, 1962.

Waldo Fimmen, of Bloomfield, A. B. Howland and B. A.

Webster, Jr., both of Des Moines, for third-party defendant-appellant.

D. W. Harris, of Bloomfield, for plaintiff.

Napier & Fehseke by R. L. Fehseke, of Fort Madison, for defendant-appellee.

SNELL, J.—We have before us on interlocutory appeal a question of pleading. This case was instituted by the plaintiff, a bystander, against defendant, the operator of a road grader struck by a train.

On April 26, 1961, a collision occurred at a railroad crossing between a road grader operated by defendant, James Hootman, and a train owned and operated by Chicago, Rock Island and Pacific Railroad Company. At the time of the collision plaintiff was in a park about 40 feet from the crossing. When the collision occurred a piece of steel from the road grader struck plaintiff injuring him. He brought suit against the operator of the road grader and did not sue the railroad. Defendant Hootman thereupon made application to bring the railroad in as a third-party defendant and this motion was granted.

The defendant thereupon filed his cross-petition against the third-party defendant. He alleged that the plaintiff's injuries were solely and proximately caused by the negligence of the third-party defendant. He further alleged:

"That even if it should be found that negligence of cross-petition plaintiff contributed to the collision and alleged damages and injuries to plaintiff (cross-petition plaintiff specifically denies that he was guilty of any negligence), then said collision and resulting alleged damages and injuries to plaintiff were the result also of negligence of cross-petition defendant, and, in such event, if judgment were recovered against defendant—cross-petition plaintiff, said defendant—cross-petition plaintiff would have a right of action against said Railroad Company for indemnity and/or contribution."

Thereupon the third-party defendant moved to strike the cross-petition on the grounds that no facts are stated upon which indemnity could be based and further that the allegations of the

cross-petition were insufficient to support a claim for contribution as the defendant does not allege that the injuries were caused by the concurring negligence of the railroad and the defendant Hootman.

The trial court overruled the motion of the third-party defendant.

The third-party defendant appeals from this ruling.

This case does not present a question of derivative liability or indemnity. We are concerned only with the question of contribution between tort-feasors. The distinction between joint and concurring tort-feasors should be kept in mind, although as pointed out in Chicago and North Western Ry. Co. v. Chicago, Rock Island & Pacific R. Co., 179 F. Supp. 33, Best v. Yerkes, infra, and Allied Mutual Casualty Co. v. Long, infra, the term "joint tort-feasor" is commonly used to include both. The problem is whether a contingent claim for contribution based on a possible finding of concurring negligence can be presented in the main action of plaintiff by a defendant against a third-party defendant.

Rule 33(b), Rules of Civil Procedure, provides:

"Against new parties. When a defendant to a petition, cross-petition or counterclaim will, if held liable thereon, thereby be entitled to a right of action against one not already a party, he may move to have such party brought in, to the end that the rights of all concerned may be determined in one action. Such motion must be supported by affidavit."

In the case before us plaintiff seeks recovery against defendant and pleads negligence, proximate cause, freedom from contributory negligence and damage.

Defendant in his cross-petition against the third-party defendant says that the collision and alleged damages to plaintiff were solely and proximately caused by the negligence of cross-petition defendant. Eight specifications of negligence are urged.

This position of defendant (cross-petition plaintiff) is primarily defensive. If, at the time of trial, it is found by the jury that negligence of the third-party defendant was the sole cause

of plaintiff's injury no act of defendant could be a proximate or even contributing cause.

In the alternative, defendant (cross-petition plaintiff) says that if it should be found that his negligence contributed to the collision and alleged damage to plaintiff, negligence of third-party defendant was a concurring cause and defendant would have a right of action for contribution.

Third-party defendant by motion attacks the pleading and urges that defendant must either plead his own negligence or have his third-party petition dismissed at this time to await the outcome of plaintiff's case. The trial court overruled the motion, thus keeping third-party defendant in the lawsuit.

I. Rule 33(b), supra, authorizes a motion to bring in a third-party defendant. That such procedure, "to the end that the rights of all concerned may be determined in one action", is desirable, although within the sound discretion of the trial court, is well settled. Best v. Yerkes, 247 Iowa 800, 77 N.W.2d 23, 60 A. L. R.2d 1354, presented a question comparable to the instant case, except for a few details not important here. In Best v. Yerkes there was also a claim based on damage to cross-petitioner's automobile. There is no such claim here.

In the cited case the striking of the cross-petition was affirmed as within the trial court's discretion, but such refusal by trial courts to entertain cross-petitions was definitely discouraged. "If the trial court had permitted the bringing in of the third-party defendant it might have been nearer to the spirit of the rules." See page 816 of the Iowa Reports.

In the instant case the trial court refused to strike the cross-petition and thus exercised the discretion recommended in Best v. Yerkes.

"The modern trend, evidenced by the almost universal reform in rules and laws affecting civil procedure, is to combine in one litigation all actions arising out of one transaction. Our Rules of Civil Procedure are to be liberally construed to this end. * * *

"We may doubt that the possible confusion in the case, as a disadvantage, would overweigh the advantage to be gained by trying all the issues in one lawsuit." Page 816 of 247 Iowa.

In the instant case the motion of defendant to bring in the third-party defendant was clearly within the purview of rule 33(b), R. C. P. The order to bring in the third-party defendant was within the discretionary power of the trial court exercised as recommended by the Supreme Court.

II. Best v. Yerkes is probably better known for its recognition of the right of equitable contribution between concurring tort-feasors. On page 805 of the Iowa Reports it is categorically stated, "The right to indemnity, or contribution, presupposes actionable negligence of both parties toward a third party."

It is, of course, so "crystal clear" as to be axiomatic that before there can be recovery there must be a legal premise from which recovery is sought.

Third-party defendant, appellant herein, relies on Allied Mutual Casualty Co. v. Long, 252 Iowa 829, 107 N.W.2d 682. That case, also, involved a question of pleading but it evolved from an entirely different background and factual situation than the case at bar. In that case plaintiff's insured had been involved in a collision of motor vehicles in which the driver of the other car was killed. Plaintiff, in behalf of its insured, made a settlement with decedent's estate. Plaintiff, Casualty Company, then by independent action sought contribution from the driver of a third vehicle allegedly involved in the collision for one half of the amount paid in settlement. We said:

"The fighting point in the case arises from the allegation in the petition that plaintiff conducted an investigation of the mishap and 'the facts of the matter were such that if the matter had been litigated, the trier of fact might reasonably have found that the plaintiff's insured was negligent in the operation of his said motor-truck unit at said time and place * * *.' Certain specific negligences of the insured which might have been found by the fact trier were set forth; and it was alleged these might also have been found to have concurred with the negligence of the defendant as being the proximate cause of the accident. Specific negligences of the defendant were also pleaded.

"It will be observed that the plaintiff did not plead that its insured was in fact negligent; only that the trier of fact might have found it to be so. The trial court, on its determination of

law points, held this to be a fatal defect, and dismissed the petition.

"It is not disputed that the right of contribution among tort-feasors may arise where one of them has made a settlement instead of litigating its liability to the injured third party. We have recently so held. Hawkeye-Security Insurance Co. v. Lowe Construction Co., 251 Iowa 27, 99 N.W.2d 421. Nor does the plaintiff deny that generally the right to contribution among tort-feasors is based upon a common liability to a third party. It presupposes actionable negligence of the tort-feasors making all liable to the third party." Page 833 of Iowa Reports.

There a settlement had been made. There had been no judicial determination of liability. The only allegation was that the trier of fact might reasonably have found liability. The settlement had removed the jurisdiction of the forum wherein the liability of one who sought contribution could be determined.

The majority opinion definitely holds that under such circumstances, as a prerequisite to contribution, plaintiff must plead his own liability. This is on the theory that otherwise plaintiff has no premise from which to proceed. The matter is summed up in the last sentence of the majority opinion on page 839 of 252 Iowa, "that before there can be contribution among tort-feasors, there must be tort-feasors."

The opinion does not hold that the question of concurrent negligence and liability cannot be determined in the main case wherein an injured party brings suit against only one of several possible defendants.

In the cited case plaintiff by settlement had precluded judicial determination of liability. Plaintiff sought contribution by pleading what might have happened. In the absence of an admission of negligence that was not enough. Unless and until it was found or admitted that he was a tort-feasor he could not proceed as such.

In the instant case we have an entirely different situation. The defendant is in court facing a claim for damages. He says that the fault was not his. He points at third-party defendant as the one at fault. A justiciable issue as to who is or are tort-feasors is thus presented for determination in a proper forum.

The defendant then says if it is found by the trier of facts that we are concurring tort-feasors then in that event there is a right to contribution. The claim is based on what may happen in a proper judicial proceeding. It is not based as was plaintiff's claim in Allied Mutual v. Long, supra, on what might have happened.

The fear of confusion expressed in the dissenting opinion in Allied Mutual v. Long need not exist here. Except for multiplicity the issues to be presented to the jury are clear. Was plaintiff injured because of defendant's negligence or because of third-party defendant's negligence, or the concurring negligence of both? To answer such questions we have juries. When these basic questions have been answered we will have the answer to the question of contribution. "To the end that the rights of all concerned may be determined in one action" we have rule 33(b).

III. Logan v. McMillen, 244 Iowa 1328, 60 N.W.2d 498, was not an automobile-collision case, but it did involve a defendant's claim against third-party defendants and the application of rule 33(b). The procedure and authorities were analyzed at length and it was held that the language of the rule does not require that defendant have a matured cause of action against third-party defendant. See page 1339 of Iowa Reports.

To strike defendant's claim against third-party defendant would emasculate not only the purpose and intent but the actual wording of rule 33(b). It would fail to conform to modern procedure. It would be out of harmony with Best v. Yerkes and would misconstrue Allied Mutual v. Long.

The trial court was right.

The case is—Affirmed.

All JUSTICES concur.