**STATE of Missouri, Appellant,**

v.

**S.E., Respondent.**

No. 48272.

Missouri Court of Appeals,
Eastern District,
Division Three.

June 19, 1984.

Motion for Rehearing and/or Transfer
to Supreme Court Denied
Aug. 8, 1984.

John Ashcroft, Atty. Gen., Jefferson City, for appellant.

Gerard Timothy Carmody, St. Louis, for respondent.

CRANDALL, Judge.

S.E., respondent herein, was charged by indictment with stealing $6,850 from the Estate of John A. Doe in violation of § 570.030, RSMo (Supp.1983). Upon respondent's motion, the trial court dismissed the indictment finding that it did not charge "ownership of the alleged stolen property in any person capable of owning the same." The State appeals in accordance with Rule 30.02. We affirm.

The test of the sufficiency of an indictment is whether it contains all the essential statutory elements of the offense and whether it clearly apprises the defendant of the facts constituting the offense. *State v. Gilmore*, 650 S.W.2d 627, 628 (Mo. banc 1983). The relevant statute reads, in part: "A person commits the crime of stealing if he appropriates the property or services *of another* with the purpose to deprive him thereof, either without his consent, or by means of deceit or coercion." § 570.030, RSMo (Supp.1983) (emphasis added). Here, the indictment charged respondent with stealing property "which said property was in the possession or charge of the estate ... and defendant

appropriated such property without the consent of the estate...."

█ The issue presented is whether an estate is an entity which is capable of being the victim of a crime. The State argues that an estate is "another" and thus capable of possession or ownership. We disagree.

Section 472.010, RSMo (Supp.1983) of the Missouri Probate Code defines an estate as the real and personal property of the decedent. Section 473.260, RSMo (1978) of the Code states that when a person dies, his real and personal property passes to his heirs or devisees, with that property being subject to the possession of the administrator. Further this court has held that an estate is not a legal entity that can either sue or be sued. *In re Estate of Cromwell*, 522 S.W.2d 36, 41 (Mo.App.1975). Thus it is clear that an estate is the property itself rather than the possessor or owner of property. It cannot possess or own but can only be possessed or owned.

█ In order to allege the essential element that the appropriated property was that "of another," an indictment which charges the crime of stealing must either aver the ownership of the property or aver that the property was in the possession of the victim. *State v. Gates*, 637 S.W.2d 280, 283 (Mo.App.1982). Since the Estate of John A. Doe can neither own nor possess the alleged stolen property, the trial court correctly dismissed the indictment.

█ Since the indictment in this case is insufficient, the trial court acquired no jurisdiction. *State v. Gilmore*, 650 S.W.2d at 628. The dismissal in this case was not a determination on the merits but rather one on the sufficiency of the charge itself. The dismissal was therefore without prejudice.

The order of the trial court is affirmed.

KAROHL and REINHARD, JJ., concur.