COMMUNITY DIALYSIS CENTERS, INC., Plaintiff,

v.

BOARD OF TRUSTEES OF NORTH KANSAS CITY HOSPITAL, et al., Defendants.

No. 91–0388–CV–W–9.

United States District Court, W.D. Missouri, W.D.

Dec. 3, 1991.

**656**

Nicholas L. DiVita, Bryan, Cave, McPheeters & McRoberts, Kansas City, Mo., for plaintiff.

James A. Snyder, Timothy C. Meyer, Spencer, Fane, Britt & Browne, Kansas City, Mo., for defendants.

## ORDER GRANTING DEFENDANT CITY OF NORTH KANSAS CITY, MISSOURI'S MOTION TO DISMISS

BARTLETT, District Judge.

Plaintiff Community Dialysis Centers, Inc. (CDC) asserts claims against the Board of Trustees of North Kansas City Hospital (the Board) and the City of North Kansas City, Missouri (the City), for allegedly breaching a lease agreement between CDC and the Board.[1] CDC also moves for declaratory judgment regarding its rights under the lease agreement and for preliminary injunctive relief.

Pursuant to Rule 12(b)(6), Federal Rules of Civil Procedure, the City moves to dismiss plaintiff's verified Complaint for failure to state a claim upon which relief may be granted. The City argues that plaintiff's allegations that the City is liable for the contract obligations of the Board or that the Board's actions may be imputed to the City do not state a claim against the City.

Plaintiff argues that a cognizable claim against the City exists pursuant to Missouri statutes governing municipal health and welfare. According to plaintiff, under these statutes, the City is liable for obligations arising under any lease connected

with the operation of a health care facility such as the one in this case. Plaintiff also argues that dismissal of plaintiff's verified Complaint is improper under Rule 19, Federal Rules of Civil Procedure.

### I. Standard for Motion to Dismiss

All factual allegations in the Complaint are to be taken as true as well as all inferences that reasonably may be drawn from those facts. *Hishon v. King and Spalding*, 467 U.S. 69, 73, 104 S.Ct. 2229, 2232, 81 L.Ed.2d 59 (1984). A Complaint should not be dismissed for failure to state a claim for relief unless it appears beyond doubt that the plaintiff can prove no set of facts in support of the claim that would entitle plaintiff to relief. *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 1010–02, 2 L.Ed.2d 80 (1957).

### II. Discussion

#### A. *CDC's Verified Complaint Fails to State a Claim Against the City*

In its Complaint, CDC states that "[t]he City of North Kansas City, Missouri is liable for the leasehold and contract obligations of the Board of Trustees of North Kansas City Hospital pursuant to Section 96.210 of the Revised Statutes of Missouri." Verified Complaint ¶ 3 at 2. Apparently, plaintiff bases this conclusion on the allegations that the Board entered into a lease and that the City is said to be liable as a matter of law for the Board's alleged failure to honor the terms of the lease.

Section 96.210 provides:

Any person making bequests or donations to [a municipal care facility created pursuant to Mo.Rev.Stat. § 96.150] shall have the right to vest the title to the real estate or personal property so bequeathed or donated in the board and to be held and controlled by the board, and to all such property the board shall be held to be special trustees.

This section merely authorizes the Board to hold title and control all real and personal property given to the Hospital. It does not address the City's liability.

---

**1.** CDC had agreed to lease space within a        "health care facility" controlled by the Board.

The City's liability for municipal health care facilities is addressed in Mo.Rev.Stat. § 96.195 (1986):

Facility funds only to be used—nonliability of city

All obligations incurred in connection with the construction, leasing, equipping, operating and maintaining of this facility and grounds and other property, real and personal, under control of the board shall be payable only from the fund established for such facility and the assets under control of the board. *The city shall not be liable for any such claims or indebtedness except to the extent of the fund established for such facility and the assets under control of the board or as provided pursuant to sections 96.222, 96.224, 96.226, and 96.228.*

Plaintiff argues that § 96.195 allows the City to be held liable for the Hospital's obligations because the statute provides that the City shall be liable "to the extent of the fund established for such facility and the assets under the control of the [B]oard."

Plaintiff apparently believes that "liable" as used in § 96.195 equals responsibility for the Board's operation of the facility. When § 96.195 is read with § 96.190, "liable" refers only to the possibility that the City will have to turn over the Board's fund or assets if the Board is responsible for a claim or indebtedness.

The "fund" referred to in § 96.195 is established pursuant to Mo.Rev.Stat. § 96.-150 (1986) which requires that a "separate" fund be established for the facility. Section 96.190 of the Missouri Revised Statutes provides that "all moneys from taxes, donations, and from any other source shall be deposited in the city treasury to the credit of that facility's fund."

Under § 96.190, the Board, not the City, has exclusive control over the fund and all other assets belonging to the Hospital:

The board shall control the expenditures of all moneys collected to the credit of the fund established for such facility and the construction, leasing, equipping, operating and maintaining of the facility and the grounds and other property real and personal belonging to the facility; provided, all moneys from taxes, donations and from any other source shall be deposited in the city treasury to the credit of that facility's fund, and drawn upon by the vouchers of the proper officers of such board. The board shall also employ such help, professional and otherwise, as may be necessary to carry out the spirit and intent of sections 96.150 to 96.220, and all such assistants and employees shall serve at the pleasure of the board.

In *Board of Trustees of North Kansas City Hospital v. Conway,* 675 S.W.2d 36, 40 (Mo.App.1984), the court discussed the municipality/board relationship, stating:

The hospital is not a creation of the city. It comes into being by vote of the voters and it is thereafter *subject to no control by the city.* The statute itself authorizes the Board of Trustees to enter into various kinds of contracts, § 96.190, R.S.Mo. 1978, and to hold title to real estate, § 96.210, R.S.Mo.1978. The city may not abridge or enlarge its powers.... *The whole statutory scheme contemplates an autonomous operation.*

Pursuant to § 96.190, 96.195 and *Conway,* the Board has the sole authority to control the Hospital's operation, its assets and the "fund." The City is given no authority under the statutory scheme to control any aspect of the operation of the Hospital, the fund or any of its other property.

One can reasonably conclude that the Missouri General Assembly included these limitations within the statutory scheme because it intended that a city should have no financial responsibility for any liability incurred by a municipal health care facility other than relinquishing the monies credited to the "fund" after the liability of the *facility* is established.

Thus, under Missouri's statutory scheme, the City cannot be independently liable for the obligations of the Hospital under the lease. However, if the Hospital is found to be liable to CDC in this lawsuit, the City would be responsible "to the extent of the fund established for such facility." Be-

cause the City merely holds property belonging to the Board, the plaintiff may be able to execute against the property if it obtains a judgment against the Board.

For the foregoing reasons, plaintiff cannot set forth a claim against the City for the Board's alleged breach of the lease agreement. Accordingly, defendant City's Motion to Dismiss will be granted.

### B. *Rule 19, Federal Rules of Civil Procedure, Does Not Require the City's Joinder*

Plaintiff argues that Rule 19 "strongly suggests" that the City should be a party to this case because it has an interest in the subject matter in this case. Plaintiff contends that judgment against the Board "will affect the City's rights in the fund due to its statutorily defined liability and complete relief cannot be accorded in the City's absence."

Rule 19 addresses *joinder*, not dismissal, of parties. Even if Rule 19 were applicable, complete relief can be accorded the plaintiff without the City remaining as a party. Collection of any judgment may require post-judgment proceedings against the City, however, merely holding the property of a possible judgment debtor does not make joinder of that party proper under Rule 19(a)(1). Finally, plaintiff has not demonstrated that joinder under Rule 19(a)(2) is appropriate.

### III. Conclusion

For the reasons stated, it is ORDERED that:

1) defendant City of North Kansas City, Missouri's Motion to Dismiss is granted; and

2) the claims asserted against defendant City of North Kansas City, Missouri, in plaintiff's Verified Complaint are dismissed.