TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA and Jacob-smeyer–Mauldin Construction Company, Plaintiffs,

v.

The MANITOWOC COMPANY, INC., Appellant,

v.

United States Steel Corporation, as Successor–In–Interest to Lonestar Technologies, Inc., a/k/a Lonestar Steel, Respondent.

No. SC 92429.

Supreme Court of Missouri, En Banc.

Jan. 29, 2013.

James C. Morrow, M. Todd Moulder and Angela M. Witten, Morrow Willnauer Klosterman Church LLC, Kansas City, for Manitowoc.

Stephen L. Beimdiek and Sarah J. Hugg, Lashley & Baer PC, St. Louis, for U.S. Steel.

LAURA DENVIR STITH, Judge.

The Manitowoc Company Inc. appeals the trial court's dismissal with prejudice of Manitowoc's claims for contribution or indemnity against United States Steel Corporation due to Manitowoc's failure to admit its own fault in its third-party petition against U.S. Steel. Manitowoc argues that it was not required to admit fault to seek either contribution or indemnity but rather could plead that if it was liable to the plaintiff, then U.S. Steel was liable in full or in part to Manitowoc.

This Court reverses. U.S. Steel was incorrect in arguing below and in this Court that a failure to admit fault in the third-party petition for contribution deprives the trial court of jurisdiction or requires a dismissal on the merits of the underlying right to obtain contribution, as opposed to being a mere procedural error. Even were dismissal proper in the absence of an admission of fault, it should have been without prejudice.

Even more basically, however, neither public policy nor this Court's rules and decisions governing third-party pleading require a party to admit its own fault to proceed on a third-party claim, and this Court affirmatively holds that such an admission is not required. To the extent that *Stephenson v. McClure*, 606 S.W.2d 208 (Mo.App.1980), and cases following it [1] require a third-party petition to contain an admission of fault and to the extent they suggest that this Court's decision in *Mo. Pac. R.R. v. Whitehead & Kales Co.*, 566 S.W.2d 466 (Mo. banc 1978), so requires, they are overruled. For all these reasons, the trial court erred in dismissing the petition. The case is remanded.

## I. STATEMENT OF FACTS

In January 2006, the boom on a construction crane that was owned and operated by Jacobsmeyer–Mauldin Construction Company fell and landed on a building at Washington University, damaging both the building and the crane. A subsequent investigation concluded that the accident was caused by the failure of the crane's main lift cylinder. Grove U.S. LLC designed, manufactured and sold the crane, allegedly using the steel or steel cylinder provided by U.S. Steel. Grove is a subsidiary of Manitowoc.

---

1. *See, e.g., Witt v. Austin*, 806 S.W.2d 63 (Mo. App.1991); *Mid–Continent News Co. v. Ford Motor Co.*, 671 S.W.2d 796 (Mo.App.1984).

At the time of the accident, Jacobsmeyer was insured by Travelers Property Casualty Company of America. Travelers paid Jacobsmeyer's insurance claims associated with the accident and reached a settlement agreement with Grove under which Grove agreed to pay Jacobsmeyer and Travelers (hereinafter referred to collectively as "Jacobsmeyer") for a majority of their remaining losses associated with the accident. Grove failed to make any of the payments called for in the settlement agreement. In November 2009, Jacobsmeyer, therefore, sued both Grove and its parent Manitowoc (hereinafter referred to jointly as "Manitowoc") for breach of the settlement agreement.[2]

Manitowoc filed an answer denying liability and, in January 2010, filed a third-party petition asserting claims for contribution and/or indemnity against U.S. Steel, arguing that U.S. Steel's predecessor-in-interest provided the faulty steel or steel cylinder for the crane. Manitowoc asserted in the petition that if the trier of fact found it liable to Jacobsmeyer, then Manitowoc was entitled to contribution or indemnity from U.S. Steel because any damages caused by the accident resulted from U.S. Steel's fault in providing defective materials for the crane.

U.S. Steel filed a motion to dismiss Manitowoc's third-party petition, arguing it failed to satisfy pleading requirements because Manitowoc did not admit its own liability as a joint tortfeasor in its third-party petition. The trial court dismissed Manitowoc's third-party petition with prejudice. Manitowoc appealed. After an opinion by the court of appeals, this Court granted transfer pursuant to art. V, sec. 10 of the Missouri Constitution.

## II. STANDARD OF REVIEW

■■■ This Court reviews the grant of a motion to dismiss *de novo*. *City of Lake Saint Louis v. City of O'Fallon*, 324 S.W.3d 756, 759 (Mo. banc 2010). This Court "will consider only the grounds raised in the motion to dismiss in reviewing the propriety of the trial court's dismissal of a petition, and in so doing, it will not consider matters outside the pleadings." *Id.* Additionally, review of a motion to dismiss for failure to state a cause of action "is solely a test of the adequacy of the . . . petition." *Id.* This Court will review the third-party petition "in an almost academic manner, to determine if the facts alleged meet the elements of a recognized cause of action, or of a cause that might be adopted in that case." *Id.*

## III. A THIRD–PARTY PLAINTIFF NEED NOT ADMIT FAULT IN A THIRD–PARTY PETITION FOR CONTRIBUTION OR INDEMNITY

Manitowoc argues that the trial court erred in dismissing its petition with prejudice and asserts that a third-party plaintiff is not required to admit fault in its third-party petition. Manitowoc asserts that Rule 55.10 permitted it to deny liability in its answer while also pleading in its third-party petition that if it is liable to Jacobsmeyer, then third-party defendant U.S. Steel is liable to Manitowoc. Manitowoc alternatively asserts that even if dismissal were proper, the dismissal should have been without prejudice. U.S. Steel argues

2. One sentence of the six-page petition focused on property damages rather than the breached settlement agreement, stating, "As a direct result of [the accident], the crane was significantly damaged, as was the building being constructed." This appears to have been intended to explain the basis of the primary liability that led to the settlement rather than as an alternative attempt to try liability should the settlement agreement not be enforced.

that Manitowoc was required by Rule 52.11(a), governing third-party practice, to admit its own fault, that its failure to do so should be considered either a jurisdictional error or a ruling against the merits of the third-party petition, and that, therefore, dismissal should be with prejudice.

■ First, nothing in Rule 52.11 suggests that inadequacies of a third-party pleading constitute a jurisdictional defect or that a failure to follow its requirements should be treated as ruling on the *merits* of the third-party claim. Rather, Rule 52.11(a) provides that:

Any party may move to strike the third-party claim or for its severance or separate trial. A third-party defendant may proceed under this Rule 52.11 against any person not a party to the action who is or may be liable to the third-party defendant for all or part of the claim made in the action against the third-party defendant.

In other words, Rule 52.11 provides the procedural mechanism for determining whether and how to try third-party claims once the court has jurisdiction over the parties. Rule 52.11 sets forth procedures that the court and parties are to follow; it does not purport to add additional jurisdictional requirements to those set out in the Missouri Constitution. *J.C.W. ex rel. Webb v. Wyciskalla,* 275 S.W.3d 249 (Mo. banc 2009) ("jurisdiction of Missouri's courts is governed directly by the state's constitution").

If a party fails to comply with Rule 52.11's procedural requirements, striking the third-party petition may be proper, but nothing in the rule suggests, nor could it properly do so, that such a procedural failure is jurisdictional. And, if the dismissal is for procedural reasons rather than for failure to state a substantive claim on which relief can be granted, then *ipso facto* it cannot be a dismissal on the merits

of the substantive claim. The trial court erred in dismissing the third-party petition with prejudice.

■ Second, an admission of fault is not required in a third-party petition. Rule 55.10 does not expressly require an admission of fault by a defendant or third-party plaintiff. It states:

A party may set forth two or more statements of a claim or defense alternately or hypothetically, either in one count or defense or in separate counts or defenses. When two or more statements are made in the alternative and one of them if made independently would be sufficient, the pleading is not made insufficient by the insufficiency of one or more of the alternative statements. A party may also state as many separate claims or defenses as the party has regardless of consistency and whether based on legal or equitable grounds.

*Id.* Neither does the relevant portion of Rule 52.11(a) appear to require a party seeking contribution to admit its own fault in its third-party petition; the rule states:

At any time after commencement of the action a defending party, as a third-party plaintiff, may cause a summons and petition to be served upon a person not a party to the action who is or may be liable to the defending party for all or part of the plaintiff's claim against the defending party.

*Rule 52.11(a).*

U.S. Steel nonetheless argues that court of appeals cases have read into third-party practice a requirement that a third-party plaintiff seeking contribution from an alleged joint tortfeasor must admit its fault to the plaintiff to seek contribution from a third-party defendant, citing *Stephenson v. McClure,* 606 S.W.2d 208 (Mo.App.1980), and *Mid–Continent News Co. v. Ford Motor Co.,* 671 S.W.2d 796 (Mo.App.1984).

*Stephenson, Mid–Continent News Co.* and similar cases do hold that a party seeking contribution must admit its own fault in its third-party petition to join an alleged joint tortfeasor as a third-party defendant and that a failure to admit one's own fault means that the third-party petition must be dismissed. These holdings do not support dismissal of Manitowoc's third-party claim, however.

As U.S. Steel acknowledges, *Stephenson* and *Mid–Continent* are court of appeals opinions. They do not bind this Court, which never has addressed the issue whether a third-party plaintiff must admit its own fault to seek contribution from a joint tortfeasor. Nonetheless, U.S. Steel argues that both *Stephenson* and *Mid–Continent* based their holdings that an admission of fault by a third-party plaintiff is required by this Court's reasoning in adopting comparative fault in *Mo. Pac. R.R. v. Whitehead & Kales,* 566 S.W.2d 466 (Mo. banc 1978),[3] and asks that this Court now explicitly so state.

U.S. Steel overreads this Court's decision in *Whitehead & Kales.* Prior to *Whitehead & Kales,* a defendant could not bring a third-party claim for contribution against a concurrent tortfeasor. It could bring a third-party claim for indemnity in circumstances such as when the defendant/third-party plaintiff's negligence was passive and the third-party defendant's negligence was active. *See, e.g., Crouch v. Tourtelot,* 350 S.W.2d 799 (Mo. banc 1961). This meant that, if plaintiff chose not to sue more than one of two or more potential joint or concurrent tortfeasors, the sued defendant could not bring a third-party claim for contribution against these potential concurrent tortfeasors.

To encourage efficiency in the courts, *Whitehead & Kales* changed this prohibition and permitted cross-claims and third-party claims against all alleged tortfeasors, regardless of whether they were sued by the plaintiff or whether they were passively or actively negligent or sued for indemnity or contribution, stating:

> The principle of fairness imbedded within our law compels this adoption of a system for the distribution of joint tort liability on the basis of relative fault.[ ] *This would apply whether the tortfeasors were joined as defendants by the plaintiff or a third party defendant was added to a cause under our rule 52.11.*

> In either instance the ability of a plaintiff to sue and ultimately collect judgment against his or her choice of tortfeasor need not be impaired. Plaintiff continues free to sue one or more concurrent tortfeasors as he sees fit and nothing that transpires between them as to their relative responsibility can reduce or take away from plaintiff any part of his judgment. *Concurrent or joint tortfeasors not sued by plaintiff however, may now be brought in by third party practice for a determination in due course of their relative part of the responsibility, if such is the case, for the overall injury and damage to the plaintiff.* A jury in the same or separate trial at the discretion of the trial court, s[ec] 507.040, RSMo 1969; rule 52.11(a); [R]ule 66.02, should be charged with the responsibility for determining a relative distribution of fault

---

**3.** *See Stephenson,* 606 S.W.2d at 214 (the doctrine of contribution "does presuppose the liability of both parties to the plaintiff. An allegation of such liability is essential to state a cause of action under the joint tortfeasor doctrine of Whitehead and Kales"); *Mid–Continent News Co.,* 671 S.W.2d at 800 (relying on *Stephenson* to find that the party seeking contribution was required to admit its own liability in its third-party petition).

and liability for the damages flowing from a tort, which damages will be, along with a finding of negligence, the predicate to apportionment.

*Whitehead & Kales,* 566 S.W.2d at 474 (emphasis added).

*Whitehead & Kales* thereby explicitly says that the same pleading rules "would apply whether the tortfeasors were joined as defendants by the plaintiff or a third party defendant was added to a cause under our rule 52.11." *Id.* at 474. That is, third-party defendants are to be treated the same as defendants joined by the plaintiff. Under this modified approach, this Court said, this meant that "Concurrent or joint tortfeasors not sued by plaintiff ... may now be brought in by third-party practice for a determination *in due course* of their relative part of the responsibility." *Id.* (emphasis added). As is the case for cross-claims against defendants joined by the plaintiff in the original action, *to recover* contribution a third-party plaintiff must "in due course" show that the third-party defendant shares a relative part of responsibility for the tort. But nothing in this or any other portion of *Whitehead & Kales* requires a third-party plaintiff to admit its own fault in its third-party *petition* rather than merely alleging that, if it is liable to plaintiff, then the third-party defendant is liable to the third-party plaintiff. Since the decision in *Whitehead & Kales,* no Missouri case is cited as requiring a defendant to admit its own fault to bring a cross-claim against its co-defendant(s). Neither is this required of a third-party plaintiff under *Whitehead & Kales.*

 This makes sense, for the purpose of third-party practice is "to avoid two actions which should be tried together to save the time and cost of a reduplication of evidence[,] to obtain consistent results from identical or similar evidence and to accomplish ultimate justice for all concerned with economy of litigation and without prejudice to the rights of another." *Stemley v. Downtown Medical Bldg., Inc.,* 762 S.W.2d 43, 47 (Mo. banc 1988). The purpose, therefore, is to allow all claims to be brought in a single action in an effort to avoid multiple actions when separate actions are not necessary and to avoid inconsistent outcomes resulting from separate actions. Nothing in this purpose, in Rule 52.11(a) or in *Whitehead & Kales* requires the third-party plaintiff to admit fault in its petition. Rather, all that is required "[t]o maintain an action for contribution, [is that] both the party seeking contribution and the defendant against whom contribution is sought must be ... tortfeasor[s], originally liable to the plaintiff-injured party." *Gramex Corp. v. Green Supply, Inc.,* 89 S.W.3d 432, 442 (Mo. banc 2002).

For the foregoing reasons, a third-party plaintiff is not required to admit its fault in its third-party petition. The third-party plaintiff instead can deny liability in its answer to the plaintiff's claim and plead in its third-party petition that, if it is liable to the plaintiff, then the third-party defendant is liable to the third-party plaintiff, exactly as required by the language of Rule 52.11. To the extent that *Stephenson, Mid–Continent* and similar cases suggest otherwise, they are overruled. Here, the trial court erred in dismissing Manitowoc's third-party petition.[4]

---

4. Because this Court holds that Manitowoc was not required to admit fault in its third-party petition, this Court need not address Manitowoc's alternative argument as to whether the language it used in the third-party petition was sufficient to constitute an admission of fault.

U.S. Steel argues that the issues in the third-party petition are so distinct from the ones that will be addressed during Jacobsmeyer's breach of settlement action that trying the claims together will complicate issues and that separate actions will not cause duplication for the court.[5] The trial court did not address this issue, as it dismissed the petition with prejudice, but it can consider on remand whether it believes severance would be appropriate for these reasons, as provided by Rule 52.11(a).

## IV. CONCLUSION

The trial court erred in dismissing Manitowoc's third-party petition with prejudice. A dismissal for failure to comply with procedural rules is not a dismissal for lack of jurisdiction nor a ruling on the merits of the underlying claim. Further, this Court finds that a party seeking contribution or indemnity need not admit its own fault in its third-party petition but rather can deny liability in its answer to the plaintiff's petition and assert in its third-party petition that if it is liable to the plaintiff, then the third-party defendant is liable to it. The judgment is reversed, and the case is remanded.

TEITELMAN, C.J., RUSSELL, BRECKENRIDGE and FISCHER, JJ., concur.

DRAPER and WILSON, JJ., not participating.

---

5. U.S. Steel further argues that, because it was not a party to the settlement agreement between Manitowoc and Jacobsmeyer, it could not be liable as third-party defendant for Jacobsmeyer's breach of settlement claim against Manitowoc. The basis of the third-party petition in this case, however, is not that U.S. Steel was bound by the alleged settlement agreement but that if the agreement is enforced against Manitowoc, then it will constitute a settlement of all of the plaintiff's claims for damages against all potential tortfeasors, including U.S. Steel, and so Manitowoc is entitled to contribution or indemnity. *Stephenson* and similar cases have recognized that the reasoning of *Whitehead & Kales* permits a settling tortfeasor to bring a claim for contribution or indemnity against those who are or may be liable for the underlying tort when the settlement covers the other liable parties' liability as well as the liability of the settlement's signatories. *See Stephenson,* 606 S.W.2d at 212–13; *see also Mid–Continent News Co., Inc.,* 671 S.W.2d at 799. Whether the fact that here it is only the settlement agreement rather than the underlying tort that is the subject of the plaintiff's petition affects this analysis and whether the reasoning of *Stephenson* and *Mid–Continent* ever would have had any application to such claims to the extent that they are not based on being co-tortfeasors appear to be moot in light of this Court's holding that an admission of fault is not required to bring a third-party claim. Any remaining procedural issues in regard to the claim can be addressed by the trial court on remand.