Patricia Breckenridge, Chief Justice,
dissenting.
I agree with the majority’s conclusion that the City of Moline Acres’s ordinance does not conflict with state law by punishing drivers who permit their motor vehicles to be operated at a rate in excess of the speed limit and that the ordinance does not conflict with state law regarding the assessment of points because, while points are required for a violation of the ordinance, the ordinance is silent as to the assessment of points. I write separately, however, because I believe the majority’s analysis of the rebuttable presumption and the notice defects goes beyond the grounds for dismissal Mr. Brennan raised to the circuit court.
Mr. Brennan’s claim regarding the burden of proof presented to the circuit court and to this Court is that the ordinance shifts the burden of proof by requiring the defendant to prove another person was driving the motor vehicle. The majority finds Mr. Brennan’s argument about this “owner-equals-driver” presumption fails but, nonetheless, finds the ordinance unconstitutional for presuming from ownership permission to operate the vehicle at a rate in excess of the speed limit. The majority’s basis for ruling on this issue is that, in its brief, the city took the position that the ordinance contained a rebuttable presumption. It should be noted that the city interpreted the ordinance as including a presumption equating ownership with permission to operate the motor vehicle, not necessarily with permission to operate the motor vehicle at a rate in excess of the speed limit. More importantly, the majority ignores the standard of review. The Court may affirm the trial court’s ruling *386 sustaining a motion to- -dismiss on any-ground alleged in the motion, but it will consider only the grounds raised in the motion. Travelers Prop. Cas. Co. of Am. v. Manitowoc Co., 389 S.W.3d 174, 176 (Mo. banc 2013); Foster v. State, 352 S.W.3d 357, 359 .(Mo. banc 2011).
Regarding the defects in the notice, Mr. Brennan argued that the notice violated his right to due process in that it failed to state the date and time óf his first court appearance and failed to set forth facts showing there was probable cause to believe Mr. Brennan violated the ordinance. While the majority finds the fact that Mr. Brennan appeared and defended against the charges irrelevant, “[t]he fundamental requirement of due process is the opportunity to be heard at a meaningful time and in a meaningful manner.” Jamison v. State, Dep’t. of Soc. Servs., Div. of Family Servs., 218 S.W.3d 399, 405 (Mol banc 2007) (internal quotations omitted). To have a meaningful opportunity to be heard, a person must, be provided with “notice reasonably calculated, under -all the circumstances, to apprise interested parties of the pendency of [an] action.” State v. Elliott, 225 S.W.3d 423, 424 (Mo. banc 2007).
After l-eceiving the notice of' violation, even without a hearing date, Mr. Brennan’s counsel entered his appearance and requested the case be certified for a jury trial. Mr. Brennan then moved to dismiss the’ prosecution on various grounds and was afforded a hearing. He has had an opportunity to challenge the notice of violation and the ordinance and has utilized that opportunity.- Mr. Brennan cannot show prejudice for a lack of notice or an opportunity to be heard when he, in fact, had such an opportunity and suffered no injury from the alleged deficiencies in the notice. See State ex rel. Police Ret. Sys. of City of St: Louis v. Murphy, 359 Mo. 854,
224 S.W.2d 68, 71 (1949). The majority finds irrelevant Mr.- Brennan being afforded notice and an opportunity to be heard because the notice acts as the charging document and, therefore, any deficiency in the notice also relates to the charging document. Even if the notice was defective as a charging document such that dismissal is warranted, however, dismissal for an insufficient charging document is one without prejudice. State v. S.E., 675 S.W.2d 86, 87 (Mo.App.1984). Therefore, the Court should hot affirm the dismissal as oiie with prejudice on the basis of the deficiencies of the notice.
In addition to finding the notice defective as a charging document, the majority finds the ordinance is invalid because the defects in the notice are part of “.the fun- - damentally unauthorized nature of the extra-judicial process enacted by the Ordinance.” The majority finds the ordinance is invalid because it sets up a structure in which the city asks for payment of a fine without utilizing the courts- or a violations bureau. Wdiile- the' -majority raises some valid concerns, Mr,- Brennan did not argue to the circuit court, or- even to this Court, that the ordinance was invalid as an unauthorized demand for payment. This Court’s practice is to exercise judicial restraint in determining the constitutional validity of a statute by only reaching the question when necessary. In re Estate of Austin, 389 S.W.3d 168, 170 n. 9 (Mo. banc 2013). The same should be true of ordinances, which, like 'statutes, are presumed .constitutional. Saint Louis Univ. v. Masonic Temple Ass’n of St. Louis, 220 S.W.3d 721, 725 (Mo. banc 2007). Accordingly, whether the ordinance- is invalid as a demand for payment outside the judicial system should not -be decided by this Court because it is not an issue that Mr. Brennan raised as- a ground for dismissal. *387 See Travelers Prop., 389 S.W.3d at 176; Foster, 362 S.W.3d at 359.